■ In the Matter of ERMELINDO ONATIVIA, SR., Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Soden, J.), entered January 5, 1981 in Montgomery County, which dismissed the petition, on the merits. On April 28, 1978, petitioner entered into a contract to purchase a body shop from Frank Frachea, Joseph Stanganetti and Domenico Stanganetti, and, as part of the transaction, he took possession of a 1967 Ford tow truck, legal title therein remaining with Frachea and the Stanganettis. Liability insurance coverage on the truck was provided by the Hartford Insurance Company (hereinafter Hartford) until August 16, 1978, when it expired and was not renewed. The truck has never been insured in petitioner's name. On September 3, 1978, petitioner was injured in his own driveway when the truck rolled back and pinned his leg against a stationary abandoned vehicle, and he subsequently sent a notice of intention to file a claim, pursuant to the uninsured motorists section of his own automobile insurance policy, to the Exchange Mutual Insurance Company (hereinafter Exchange) on November 29, 1978. Ultimately, Exchange sent a formal disclaimer of coverage notice to petitioner on August 5, 1980, and petitioner then filed for Motor Vehicle Accident Indemni-

fication Corporation (MVAIC) benefits, under article 17-A of the Insurance Law, on August 7, 1980. This application was denied by MVAIC on August 15, 1980, on the ground it had been untimely filed. With these circumstances prevailing on September 28, 1980, petitioner sought, by order to show cause at Special Term of the Supreme Court for Montgomery County, to compel MVAIC to adjust, evaluate, defend or otherwise respond to petitioner's claim for benefits and to compel Hartford and Exchange to show cause why certain insurance policies issued by them should not be found to be applicable to the subject accident. Finding that both respondent insurers had properly denied coverage as a matter of law and that petitioner's application for MVAIC benefits was clearly untimely, Special Term dismissed petitioner's application for relief on the merits, and this appeal ensued. We hold that the order of Special Term should be affirmed. Petitioner here challenges only the finding that his application for MVAIC benefits was untimely, and his arguments on that issue are lacking in substance. Subdivision (a) of section 608 of the Insurance Law, which relates to causes of action against the owner or operator of a designated uninsured motor vehicle, is obviously the applicable Statute of Limitations in this instance, where the respondent insurers have been found to have properly denied coverage, as a matter of law, and the truck was uninsured at the time of the accident. Under that subdivision, an injured party must file an affidavit relative to his claim with MVAIC within 90 days of the accident, or, under special circumstances, within one year of the accident (see *Matter of Walker v MVAIC,* 41 AD2d 527, affd 33 NY2d 781). Petitioner has failed to satisfy either of these requirements, because his initial filing of his claim for benefits admittedly did not occur until August 7, 1980, almost two years after the accident. Under these circumstances, the court's holding that the claim was time barred should not be disturbed (cf. *Matter of Erhardt v MVAIC,* 53 AD2d 692). In so ruling, we note, in conclusion, that petitioner mistakenly argues on this appeal that subdivision (c) of section 608 of the Insurance Law is the Statute of Limitations applicable to his claim. An examination of that subdivision readily reveals that it applies where the alleged tort-feasor has insurance coverage and his carrier has disclaimed coverage. Consequently, it cannot apply in this case where Special Term has held, in a ruling not challenged on this appeal, that the respondent insurers properly denied coverage as a matter of law. Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.