In the Matter of HEMPSTEAD GENERAL HOSPITAL, as Assignee of RAMON MILLS, Respondent, v MVAIC, Appellant. — In a proceeding pursuant to CPLR 7511 to vacate the determination of a master arbitrator that petitioner's claim for no-fault benefits had not been filed in a timely manner, the appeal is from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated October 15, 1982, which, *inter alia,* vacated that determination. Judgment reversed, on the law, with costs, and the master arbitrator's determination is reinstated. Qualified persons may recover against the Motor Vehicle Accident Indemnification Corporation (MVAIC) for "basic economic loss" (no-fault benefits) arising out of the use or operation of an insured motor vehicle (Insurance Law, § 5221, subd [B], par 1). An applicant is deemed to be covered upon complying with all of the applicable requirements of article 52 of the Insurance Law (Insurance Law, § 5221, subd [B], par 2). At issue herein is whether section 5208 of the Insurance Law (formerly § 608), which sets forth time requirements for filing a notice of intention to make claim against MVAIC, is applicable to claims for no-fault benefits. Section 5208 requires that an injured party file an affidavit relative to his claim with MVAIC within 90 days of the accident (*Matter of Onatavia v Motor Vehicle Acc. Ind. Corp.,* 85 AD2d 834). The master arbitrator ruled that the time requirements of section 5208 of the Insurance Law were applicable and upheld MVAIC's disclaimer of coverage on the basis that the requisite notice was not filed within the applicable time period. In vacating the award as irrational, Special Term noted that the affidavit prescribed under subdivision (A) of section 5208 of the Insurance Law required a claimant, *inter alia,* to assert that he or she had a cause of action arising from the accident and to set forth the underlying facts. Reasoning that no cause of action exists to recover no-fault benefits, the court ruled that application of section 5208 of the Insurance Law would require a claimant to commit perjury by falsely stating that a cause of action exists. We reverse. It has now been determined that the notice requirements of section 5208 of the Insurance Law are applicable to no-fault claims (*Canty v MVAIC,* 95 AD2d 509). The master arbitrator was therefore correct when he ruled that the affidavit requirement of subdivision (A) of section 5208 of the Insurance Law was applicable only to the extent that a claimant was required to apprise MVAIC of the underlying facts. Consequently, there is no compulsion to commit perjury. An interpretation similar to that of the master arbitrator is found in MVAIC's "Plan of Operation" adopted pursuant to the Automobile Insurance Reform Act (L 1977, ch 892), which extended no-fault coverage to qualified persons under MVAIC. Under that plan, approved by the Superintendent of Insurance, a claimant must comply with all of the applicable requirements of section 5208 as a condition precedent to the right to seek benefits. This includes the need to file a notice of intention to make claim within 90 days of the accident. Conspicuously absent in the official notice form issued pursuant to the plan is any reference to having a cause of action. Subdivision (C) of section 5221 of the Insurance Law also mandates MVAIC to comply with the approved plan of operation. Consequently, not only does MVAIC not require a claimant to state that he has a cause of action, but MVAIC is precluded from disclaiming coverage on the basis that a claimant has failed to so state. Application of the filing requirements of section 5208 also appear consistent with legislative intent (see *Canty v MVAIC, supra*). Section 5208 contains the only period of limitations for filing, the statutory purpose of which is to enable MVAIC to investigate claims and prevent fraud (cf. *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). Such

concerns apply equally to claims for no-fault benefits as other benefits. Thus, the obvious intendment of the legislative scheme would be to apply the time limitations found in section 5208. The rejection of petitioner's claim, made in excess of two years after the accident, as untimely, must be confirmed (see *Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207). Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.