■ GLORIA SAIN et al., Appellants, v MILDRED FORREST, Respondent. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Nonparty Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated January 16, 1986, which granted the motion of the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) to relieve it of any obligation to defend or indemnify the defendant in the action on the ground that the plaintiffs failed to timely serve and file a notice of claim upon MVAIC pursuant to Insurance Law § 5208.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Gloria Sain sustained injuries when she was struck by the defendant's automobile on September 25, 1981. After serving the summons and complaint on October 5, 1982, the plaintiffs wrote to the alleged insurance carrier of the defendant. When no response was received, the plaintiff's asked the New York State Department of Motor Vehicles for the identity of the defendant's insurance carrier. In response it was informed that Nationwide Mutual Insurance Company (hereinafter Nationwide) was the carrier. It was not until July

27, 1983, that a summons and complaint with a cover letter were forwarded to Nationwide, which responded that it did not insure the defendant. The delay of over nine months from the serving of the summons and complaint to the forwarding of the summons and complaint to Nationwide did not demonstrate the requisite degree of diligence in investigating the defendant's insurance coverage to place the plaintiffs within the language of the saving clause of Insurance Law § 5208 *(see, Matter of Lloyd [MVAIC],* 23 NY2d 478, 482). Noncompliance with the condition precedent of service of a notice of claim within 90 days of accrual of the claim against MVAIC is not excused either by difficulty in ascertaining the existence of coverage or by administrative delay in informing a claimant of the fact of noninsurance *(see, Matter of Sampson [MVAIC],* 55 AD2d 957). On these facts, the plaintiffs' notice of claim was untimely as a matter of law *(see, Matter of Nassau Ins. Co. v Doyle,* 114 AD2d 899).

The plaintiffs' claim against MVAIC is not preserved by the fact that MVAIC took a statement from Gloria Sain as to the circumstances of the accident, and directed the plaintiffs to move to have the defendant's license revoked. This action did not serve to estop MVAIC from raising the bar of an untimely notice of claim because there was no duty to notify the plaintiffs that the notice of claim was not timely served. The plaintiffs could have availed themselves of their right to ask the court for leave to file a late notice of claim (Insurance Law § 5208 [b] [2]), but did not do so. Mollen, P. J., Bracken, Lawrence and Kooper, JJ., concur.