■ MELISSA PAJAK, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—Judgment unanimously reversed on the law with costs, petition reinstated and matter remitted to Supreme Court, Erie County, for further proceeding, in accordance with the following memorandum: Petitioner Melissa Pajak, while riding her bicycle on July 4, 1986, was struck by a vehicle owned by William Anderhalt. The police report indicated that the vehicle was insured by The Hartford. On January 19, 1987, The Hartford notified petitioner that it had been advised by Anderhalt's attorney that it was not Anderhalt's carrier and was closing its file. On September 25, 1987 petitioner filed a notice of intention to make a claim with Motor Vehicle Accident Indemnification Corporation (MVAIC). On March 30, 1988 The Hartford disclaimed coverage because of Anderhalt's failure to cooperate. MVAIC, on May 11, 1988, rejected petitioner's claim as untimely because it was not filed within 90 days of petitioner's receipt of the January 19th letter. Petitioner thereafter commenced the present proceeding to challenge MVAIC's rejection of her notice of intention to file a claim.

The trial court dismissed the petition because petitioner's notice of intention to file a claim was not filed within 90 days of Hartford's January 19, 1987 letter, which disclaimed or denied coverage *(see,* Insurance Law § 5208 [a] [3] [A] [ii]). This was error. The January 19th letter was insufficient to constitute a disclaimer or denial of coverage because it merely recounts another's statement *(see, Matter of Broderick v MVAIC,* 31 Misc 2d 350) and fails to provide with the requisite degree of specificity the grounds for the carrier's action *(see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864; *Cassara v Nationwide Mut. Ins. Co.,* 144 AD2d 974). (Appeal from judgment of Supreme Court, Erie County, Forma, J.—

dismiss petition.) Present—Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.