■ In the Matter of Frances Wilcox, Respondent, v Motor Vehicle Accident Indemnification Corporation, Appellant. —Levine, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered July 1, 1991 in Dutchess County, which granted petitioner's application pur-

suant to Insurance Law § 5208 for leave to file a notice of claim with respondent.

On July 28, 1989 petitioner, while a passenger in a vehicle owned and operated by Robert Black, was injured when Black's vehicle was struck in the rear by a vehicle owned by Diane Sampayo and operated by Charles Sampayo. Approximately six months after the accident, petitioner hired an attorney who, on July 30, 1990, was informed by Liberty Mutual Insurance Company, the last insurance carrier to have issued a policy covering Black's vehicle, that Black had failed to renew his policy and, therefore, Black was uninsured at the time of the accident. Petitioner's attorney thereafter attempted to obtain no-fault benefits from CNA Insurance Company, the insurance carrier for the Sampayo vehicle. Petitioner received notice on September 27, 1990 from CNA that it would not provide coverage. Petitioner then made this application for permission to file a notice of claim with respondent pursuant to Insurance Law § 5208 to enable her to receive no-fault insurance benefits.

Respondent is required to provide "for the payment of first party benefits to a qualified person for basic economic loss arising out of the use or operation * * * of an uninsured motor vehicle" (Insurance Law § 5221 [b] [1]). A person applying for such benefits is deemed covered upon complying with "all the applicable requirements of this article" (Insurance Law § 5221 [b] [2]), including the filing requirements set forth in Insurance Law § 5208 (see, Matter of Hempstead Gen. Hosp. v MVAIC, 97 AD2d 544). As a condition precedent to the right to payment from respondent, a qualified person must file an affidavit informing respondent of the intention to file a claim within 180 days of the "accrual of the cause of action" (Insurance Law § 5208 [a] [1]). However, when "the insurers of the person alleged to be liable for the damages have disclaimed liability or *denied coverage because of some act or omission of the person alleged to be liable* including the denial of coverage based upon the lack of a policy of insurance in effect at the time the cause of action arose" (Insurance Law § 5208 [a] [3] [A] [ii] [emphasis supplied]), the affidavit must be filed within 180 days of the "affiant's receipt of notice of the disclaimer or denial of coverage" (Insurance Law § 5208 [a] [3] [B]).

In the present case, this application was made by service of a notice of motion on respondent more than 180 days after the denial of coverage by Black's former insurer, but was made

within 180 days of CNA's denial of coverage. Petitioner argued that her claim was timely because she made her application within 180 days of the denial of coverage by CNA and the statute is silent as to which denial of coverage begins the running of the 180-day period. Supreme Court agreed with petitioner, holding that because respondent is ordinarily the insurer of last resort, claimants should be encouraged to pursue all possible sources of insurance before filing for first-party benefits from respondent and, therefore, the limitation period began running on the date of the denial of coverage by CNA.

We disagree, and find that under the circumstances of this case, even though petitioner made "timely reasonable efforts * * * to ascertain insurance coverage" (Insurance Law § 5208 [a] [3] [A] [ii]), petitioner's affidavit did not comply with the statutory filing requirements. At the outset, we note that petitioner's affidavit does not state that either insurer has disclaimed liability "because of some act or omission of the person alleged to be liable" (Insurance Law § 5208 [a] [3] [A] [ii]). Furthermore, because there was full insurance in effect for the Sampayo vehicle, petitioner could not aver that CNA, the insurer of the Sampayo vehicle, denied coverage because of some act or omission on the part of its insured. CNA denied coverage because it clearly did not have no-fault liability to petitioner, who was an "occupant[ ] of another motor vehicle" (Insurance Law § 5103 [a] [1]), not because of any act or omission on the part of its insured. Therefore, because CNA did not deny coverage "because of some act or omission of the person alleged to be liable" (Insurance Law § 5208 [a] [3] [A] [ii]), the additional time period granted by Insurance Law § 5208 (a) (3) is inapplicable to the denial of coverage by CNA.

Moreover, petitioner's position contravenes the legislative policy in that it would allow petitioner, in the face of a clear legislative mandate limiting the time period in which she can claim against respondent, to be afforded a significant amount of additional time in which to file a claim merely by attempting to obtain benefits from CNA, an insurer which clearly has no liability to petitioner for no-fault benefits. The mandate of Insurance Law § 5208 would be subverted by allowing petitioner to extend the time limitation for filing a claim in this manner. Petitioner was afforded 180 days from the denial of coverage by Black's insurer in which to file an affidavit of claim with respondent, failed to do so, and has not proffered an adequate statutory excuse for the delay (see, Insurance Law § 5208 [b]). Therefore, she should not be allowed additional

time merely by making a specious claim for no-fault benefits from CNA.

Additionally, we reject petitioner's argument that Liberty Mutual's notification that Black's policy had been canceled was insufficient to constitute a denial or disclaimer of coverage within the meaning of Insurance Law § 5208. The denial came directly from Black's insurer and was sufficient to inform petitioner of the grounds on which the disclaimer was predicated (see, General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864; Pajak v MVAIC, 155 AD2d 912).

Finally, we reject petitioner's contention that the filing requirements of Insurance Law § 5208 should not be given the effect of a Statute of Limitations for no-fault claims against respondent. The statute requires a timely filed affidavit of claim and the section's requirements are applicable to no-fault claims (see, Insurance Law § 5221 [b] [2]; Matter of Hempstead Gen. Hosp. v MVAIC, supra; Canty v MVAIC, 95 AD2d 509, 511).

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.