■ In the Matter of DONALD McCRAY, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [648 NYS2d 815] —Spain, J. Appeal from an order of the Supreme Court (Teresi, J.), entered November 29, 1995 in Albany County, which denied petitioner's application pursuant to Insurance Law § 5208 for leave to serve a late notice of claim.

Petitioner sustained injuries when he was struck by a vehicle on July 6, 1993. Approximately 10 months later, by letter dated May 24, 1994, he wrote to the Department of Motor

Vehicles informing it of the accident and of his intention to file a claim. Petitioner cited his incarceration in August 1993 and inability to obtain an attorney as reasons for his delay in seeking to file a claim. The Department notified petitioner that he should write to respondent for information about filing a claim. Petitioner did so by letter dated June 14, 1994. He also filed with respondent a notice of intention to make a claim dated July 6, 1994. In response to the claim form's inquiry concerning a delay in filing of more than 180 days since the date of the accident (see, Insurance Law § 5208), petitioner again cited his incarceration and lack of an attorney. On August 29, 1995, respondent denied the claim because it had been filed over 11 months and one week late. By order to show cause dated October 16, 1995, petitioner commenced this proceeding seeking permission to file a late notice of claim. Supreme Court denied the application and petitioner appeals.

Before a party is entitled to benefits from respondent, they must file an affidavit with respondent informing it of the intention to file a claim within 180 days of the "accrual of the cause of action" (Insurance Law § 5208 [a] [1]). However, where the insurers of the party claimed to be liable for the accident deny coverage (see, Insurance Law § 5208 [a] [3] [A] [ii]), the affidavit must be filed within 180 days of the injured party's receipt of notice of the denial of coverage (Insurance Law § 5208 [a] [3]).

Here, it is not disputed that petitioner's claim was not within 180 days of the date of the accident; nor was it made within 180 days of being informed of any denial of coverage by an insurance agency. There is no evidence in the record or any contention of any "timely reasonable efforts * * * to ascertain coverage" (Insurance Law § 5208 [a] [3] [A] [ii]). Petitioner's affidavit, therefore, did not comply with the statutory filing requirements (see, Matter of Wilcox v MVAIC, 187 AD2d 909; see also, Sain v Forrest, 130 AD2d 733). The reasons he gave of incarceration and lack of an attorney are not adequate statutory excuses for the delay. Respondent therefore properly denied the claim.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.