■ In the Matter of DOLORES MACIAS, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [780 NYS2d 780]—In a proceeding pursuant to Insurance Law § 5210 to compel the payment of a judgment, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated October 14, 2003, which denied its motion to vacate an order of the same court dated June 2, 2003, granting the petition to compel it to pay the petitioner the sum of $77,266.52, upon its default in opposing the petition.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the order dated June 2, 2003, is vacated.

A court may vacate a default where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Ray Realty Fulton, Inc. v Kwang Hee Lee,* 7 AD3d 772 [2004]; *Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573 [2004]; *Quis v Bolden,* 298 AD2d 375 [2002]). The appellant's attorney submitted sufficient evidence to substantiate his explanation for his failure to timely submit the papers in opposition to the petition (*see* CPLR 2005). Furthermore, the appellant demonstrated a meritorious defense to the petition to compel payment of the judgment (*see* Insurance Law § 5208 [a] [3]; *Matter of McCray v Motor Veh. Acc. Indem. Corp.,* 232 AD2d 948 [1996]; *Matter of Wilcox v Motor Veh. Acc. Indem. Corp.,* 187 AD2d 909 [1992]; *Sain v Forrest,* 130 AD2d 733 [1987]). Accordingly, the Supreme Court should have granted the motion to vacate an order granting the petition entered upon its default in opposing the petition. Altman, J.P., Goldstein, Schmidt, Cozier and Skelos, JJ., concur.