■ In the Matter of WALEED GETTES, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [925 NYS2d 876]—

In a proceeding pursuant to Insurance Law article 52, the Motor Vehicle Accident Indemnification Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated August 7, 2009, as granted that branch of the petition which was, in effect, for leave to commence an action against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner's evidentiary submissions established that he is a "qualified person" entitled to benefits from the Motor Vehicle Accident Indemnification Corporation (hereinafter the appellant) as defined by Insurance Law § 5202 (b). The petitioner's submissions were also sufficient to demonstrate that nonparty State Farm Insurance Company, which allegedly insured the offending vehicle, denied coverage "based upon the lack of a policy of insurance in effect at the time the cause of action arose" (Insurance Law § 5208 [a] [3] [A] [ii]; *see Matter of Wilcox v Motor Veh. Acc. Indem. Corp.*, 187 AD2d 909, 912 [1992]; *cf. Pajak v*

*Motor Veh. Acc. Indem. Corp.*, 155 AD2d 912, 913 [1989]), and that the petitioner timely filed a notice of intention to make a claim against the appellant. Accordingly, the petitioner is entitled to "[t]he protection provided by the corporation on account of motor vehicle accidents caused by financially irresponsible motorists" (Insurance Law § 5208 [a]). Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.