OPINION OF THE COURT
 

 Jones, J.
 

 A person who had exited his disabled vehicle and was standing on the highway diverting oncoming traffic was not an "occupant” of his own car and therefore is not excluded from no-fault insurance benefits under the policy of the driver of the vehicle which struck him on the ground that he was "an occupant of another motor vehicle” within the meaning of section 672 (subd 1, par [a]) of the Insurance Law.
 

 On the evening of November 12, 1976 plaintiff, accompanied by two passengers, was operating his automobile on the Grand Central Parkway in New York City when the hood of the vehicle flew up, smashing the windshield and blocking the view of the driver. After stopping the car and trying to close the hood without success, the three positioned the vehicle partially on the center median pavement and themselves stood in the roadway some distance from the car, flagging oncoming traffic to warn of the disabled vehicle. After this had continued for about 15 minutes, a passing motorist volunteered to go to telephone for a towtruck. Plaintiff and his
 
 *573
 
 passengers continued to flag traffic from positions behind the disabled automobile for another five minutes, varying their locations, until, when plaintiff was walking in the road six or seven feet from his car, he was struck by a vehicle traveling on the Parkway and operated by one Conwell, defendant’s insured.
 

 The present declaratory judgment action seeks a determination that plaintiff is entitled to benefits under the no-fault provisions of Conwell’s liability policy, following defendant’s rejection of plaintiff’s claim filed with it. The rejection was predicated on defendant’s determination that "[t]he claimant is not considered a pedestrian but a passenger of a disabled vehicle. He should be covered under the No Fault coverage of the disabled vehicle. Therefore benefits are denied under our insured No Fault coverage.”
 

 Trial Term granted judgment declaring that defendant insurer is not obligated to plaintiff as a person entitled to benefits under the no-fault provisions of the Insurance Law. The Appellate Division unanimously reversed, and we now affirm that disposition.
 

 The question is whether plaintiff was a "person other than an occupant of another motor vehicle” within the contemplation of section 672 (subd 1, par [a]) of the Insurance Law. That paragraph defines the claimants who are entitled to payment of first-party benefits under the Comprehensive Automobile Insurance Reparations Act — the so-called no-fault program. If, as plaintiff claims, he is such a person then he is entitled to receive first-party benefits at the hands of Aetna, the insurer of the Conwell automobile; if, as the insurer asserts, plaintiff was an "occupant” of his own disabled car, then he is excluded from coverage under the Aetna policy.
 

 When plaintiff was struck by the Conwell vehicle he was not an "occupant” of his own car within the ordinary and customary meaning of the term, and the insurer does not contend otherwise. Its claim is predicated on the very much expanded meaning of the word "occupying” as used in section 617 of the Insurance Law under the Motor Vehicle Accident Indemnification Corporation Law, and it asserts that the word "occupant” under no-fault should be accorded a similar expanded meaning.
 

 When the MVAIC program was enacted in 1958 by section 617 the benefits of coverage in the case of hit-and-run accidents were extended to qualified persons "occupying” the
 
 *574
 
 motor vehicle at the time of the accident. Not content with the literal and customary meaning of the word, the Legislature explicitly provided that it was intended in that statute to embrace situations which would not normally be thought to be included in the term, i.e., in addition to including presence "in or upon” the motor vehicle — the normal denotation of the word — "occupying” was to extend as well to situations involving "entering into or alighting from”. Thus, the Legislature gave the word a specially constructed definition for the purposes of section 617 coverage. Taking guidance from this legislative signal the courts have held that a person who is "vehicle oriented” falls within the scope of the term for purposes of section 617
 
 [1]
 
 — now a very far cry from the lexicographer’s definition of the word.
 

 From a policy standpoint this has accorded with the legislative declaration of purpose to secure to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them (Insurance Law, § 600, subd [2]). Inasmuch as "occupying” is a term defining included coverage, the more expansive a meaning accorded the term, the broader the sweep of coverage. Accordingly both Legislature and the courts have been disposed to stretch rather than to narrow the embrace of the critical word.
 

 When article 18 inaugurating no-fault insurance was added to the Insurance Law in 1973, in defining entitlement to first-party benefits the Legislature again had occasion to resort to use of the stem "occupy” in employing the term "occupant”. Notwithstanding the specially constructed definition ascribed in section 617 and charged with awareness of the judicial interpretation given the concept by the courts over the intervening years, the Legislature chose to use the unembellished word "occupant”. It neither expressly incorporated the MVAIC meaning of the term by cross reference, as it might have, nor did it include the statutory signal that it was, for no-fault purposes, to have the specially constructed definition including "entering in or alighting from”. We can only conclude that the Legislature made a conscious choice to give the word "occupant” a different meaning for no-fault purposes than its associated term "occupying” had for MVAIC pur
 
 *575
 
 poses, in effect to leave the word to its customary lexicographical and thus more restricted meaning.
 
 [2]
 

 This, too, serves to accomplish the presumed intention of the Legislature in seeking an equitable distribution of compensation among accident victims to assure maximum appropriate coverage of the new no-fault insurance program. In this instance, in contrast to that under MVAIC, the word "occupant” functions as a term of exclusion. Thus, to accord a restricted meaning will work an expansion of coverage.
 

 For the foregoing reasons we conclude that the word "occupant” appearing in section 672 (subd 1, par [a]) of the Insurance Law should be ascribed its normal, dictionary meaning and that plaintiff is therefore entitled to benefits under the policy issued by defendant.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed.
 

 [1]
 

 . (E.g.,
 
 Matter of Rice v Allstate Ins. Co.,
 
 32 NY2d 6;
 
 Matter of State-Wide Ins. Co. v Murdock,
 
 31 AD2d 978, affd 25 NY2d 674;
 
 Estate of Cepeda v United States Fid. & Guar. Co.,
 
 37 AD2d 454;
 
 Matter of Motor Vehicle Acc. Ind. Corp. v Oppedisano,
 
 41 Misc 2d 1029.)
 

 [2]
 

 . As we observed in
 
 Matter of Sentry Ins. Co. (Amsel)
 
 (36 NY2d 291, 294-295): "The Legislature, of course, frequently employs the same words in different statutes with different meaning and effect”.