OPINION OF THE COURT
Herbert Shapiro, J.
On July 23, 1978, the petitioner suffered an amputation of his leg when he was struck by a motor vehicle on North Sea Road in Southampton, New York. The facts as to what took *995 place are essentially conceded. The petitioner at the time had both feet on the shoulder of the road straddling, but not sitting on his motorcycle and was talking to another person. The motor and the lights of the motorcycle were off and it was not moving.
The vehicle that struck petitioner was insured by the respondent, Allstate Insurance Company, under a policy which contained standard no-fault coverage.
Petitioner presented a no-fault claim to Allstate seeking to recover for economic loss resulting from the accident. Allstate rejected the claim based upon the following exclusion in the policy: "This coverage does not apply to personal injuries sustained by * * * (d) any person while occupying a motorcycle.”
Following the rejection an arbitration proceeding was commenced wherein the arbitrator found in the petitioner’s favor as follows: "In the opinion of this Arbitrator, the Claimant was not the occupier of the motorcycle. He was not operating his motorcycle when he was struck by Allstate’s assured. He had been standing, talking to another individual with both feet on the ground, straddling and not seated, on the motorcycle.”
An appeal from that decision was taken to a "master arbitrator” who overturned the arbitrator’s decision with the following memorandum:
"The sole issue presented for review is whether or not the Petitioner was excluded from the coverage claimed. The uncontroverted evidence is to the effect that the Petitioner was astride a motorcycle, which was not in operation at the time of the accident. The motor was off and the lights were off. The motorcycle was, nevertheless, between the Petitioner’s legs. There is some evidence to indicate that the Petitioner’s buttocks were not visible (implying that the Petitioner was not seated upon the motorcycle). The Arbitrator determined that the Petitioner was not excluded from coverage because the motorcycle was clearly not in operation at the time of the accident.
"The Master Arbitrator finds that the Arbitrator is in error. There are two exclusions from coverage operative here; one: the policy which clearly excluded claims on behalf of anyone 'occupying a motorcycle’ and the other, the statute New York State Insurance Law, § 672 (a) et seq., which also exempts anyone occupying a motorcycle. The question of what condi *996 tian the engine, lights, seat, brakes or other constituent parts of the motorcycle were in at the time of impact is not significant. The question of whether or not the Petitioner was 'occupying’ the motorcycle at the time of impact is decisively significant. It is an unavoidable conclusion, based upon the uncontroverted testimony presented, that the Petitioner, astride the motorcycle, was occupying it. The law, and the policy demand nothing more to make an exclusion.”
It is the decision of the "master arbitrator” that is now under review in this proceeding.
It is clear that the no-fault statute should be construed with its purpose in mind. That purpose is to allocate equitably the losses suffered by injured parties through the use and operation of automobiles, including losses suffered by pedestrians (Comment, 37 Albany L Rev 662, 671, 676). However, despite such salutary purpose the statute should not be so twisted and extended as to confer on an injured party a benefit not intended by the Legislature (Colon v Aetna Cas. & Sur. Co., 64 AD2d 498, affd 48 NY2d 570).
Both the statute and the policy exclusion deny benefits to one "occupying a motorcycle”. There being no factual dispute as to the petitioner’s relationship to the motorcycle at the time of the occurrence, it remains a matter of law as to whether he was at the time "occupying a motorcycle”.
Petitioner, in effect, asserts that since the motorcycle was not in operation at the time — the motor and the lights being off — and since he was not even seated but rather was straddling the motorcycle, he cannot be deemed an occupant. Rather, he argues he was, essentially, a pedestrian.
The position of the petitioner is substantially different from situations where the injured party had left his vehicle and is walking along the highway at the time he was struck (Colon v Aetna Cas. & Sur. Co., supra), or where the injured party was close by his vehicle either about to enter or just after having left it (Thomas v Travelers Ins. Co., 87 Misc 2d 136, affd 54 AD2d 608).
Whether or not the petitioner was operating the motorcycle or whether or not the motor and lights were on is of no consequence in determining if he was an "occupant”. His position, straddling the motorcycle made him as much an occupant thereof as if he were in an automobile standing rather than sitting on a seat.
*997 True that the Court of Appeals in Colon did indicate that a more restricted meaning was to be given to the word "occupying” in cases denying coverage as opposed to those cases where coverage would be expanded, as under the Motor Vehicle Accident Indemnification Corporation statute (Matter of Rice v Allstate Ins. Co., 32 NY2d 6). However, such salutary purpose cannot logically be availed of to afford coverage under the facts of this case.
There could be no responsible opposition to the view that if the petitioner had been seated on the motorcycle at the time of the accident, he would have been an occupant thereof. Does the fact that his buttocks were not in physical contact with the seat but were a short distance above permit a conclusion in logic that he then was not an occupant? His body surrounded the occupant’s portion of the motorcycle. He had his left leg to the left, his right leg to the right and his body above the seat. In every reasonable sense he "occupied” the motorcycle.
In any event, it may not be said that in these circumstances the "master arbitrator” applied an erroneous rule of law or that his determination lacked a rational basis. (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493; Matter of Furstenberg [Aetna Cas. & Sur. Co.], 67 AD2d 580.)
It is to be noted that the statute permits a "master arbitrator” to overturn an arbitrator’s award on grounds other than those set forth in CPLR article 75 (Insurance Law, § 675, subd 2; 11 NYCRR 65.17 [a] [4]).
Accordingly, the court finds no basis to disturb the determination sought to be reviewed herein. The application of petitioner is denied and the cross motion to confirm the award of the "master arbitrator” is granted.