In the Matter of the Arbitration between 20TH CENTURY INSURANCE COMPANY, Appellant, and LUMBERMEN'S MUTUAL CASUALTY Co., Respondent.

Fourth Department, May 15, 1981

### APPEARANCES OF COUNSEL

*Cox, Barrell, Walsh, Roberts & Grace (Dale Ehman* of counsel), for appellant.

*Canale, Madden & Burke, P. C. (John Canale* of counsel), for respondent.

### OPINION OF THE COURT

SCHNEPP, J.

A person was using his motor vehicle within the meaning of section 672 (subd 1, par [a]) of the Insurance Law and is entitled to first-party benefits from the insurer of his vehicle when he was struck by another motor vehicle while standing behind and unloading the trunk of his vehicle. Furthermore, his insurer is not entitled to reimbursement or contribution from the insurer of the vehicle at fault in causing the injuries.

On January 26, 1978 Kenneth Lawrence was standing behind his automobile which was parked on the street in front of 932 Elmwood Avenue, Buffalo, New York. He was seriously injured when an automobile owned and operated by Ann Connors struck him from the rear and pinned him between the two vehicles. It is conceded that at the time of the accident Lawrence was preparing to open the trunk of his car to unload a box of books and, although he was not in physical contact with his vehicle, the keys to the trunk were in his hand.

Lawrence applied for and was paid first-party no-fault insurance benefits by petitioner 20th Century Insurance Co., his insurer, totaling $50,000. Ten months after the accident petitioner made a demand upon respondent, the insurance carrier for the Connors vehicle, for reimbursement on the ground that Lawrence was not an "occupant" of his own automobile at the time of the accident and that the accident was caused by the Connors vehicle. When respondent denied liability petitioner applied for a mandatory arbitration of the claim between the two insurance carriers. In the petition for arbitration, 20th Century claimed that Lawrence was a "pedestrian", but at the arbitration hearing it conceded that Lawrence was "engaged in unloading his vehicle" at the time of the accident. Respondent conceded at the hearing that Lawrence was not an "occupant" of his vehicle when the accident occurred. The three-member arbitration panel that heard the case denied petitioner any reimbursement for the benefits which it had paid to Lawrence. The "Basis of Findings" in support of the award was that: "Insured party entitled to 1st party benefits solely under applicant's policy". Petitioner then commenced this CPLR article 75 proceeding to vacate the arbitration award upon the grounds that the arbitrators exceeded their powers and that the award was not supported by the evidence. After a hearing Special Term dismissed the petition, from which dismissal 20th Century appeals.

The crucial issue here is whether Lawrence was using his own vehicle at the time of the accident. The "no-fault" law (Insurance Law, § 672, subd 1, par [a]) provides that first-

party benefits shall be paid to persons other than occupants of another motor vehicle "for loss arising out of the use or operation * * * of such motor vehicle". Clearly, Lawrence was not an occupant of another motor vehicle. Because petitioner concedes that Lawrence was unloading his vehicle, it acknowledges that Lawrence was "using" his vehicle. In the regulations which provide the mandatory endorsement which all policies must contain concerning personal injuries, "use" or operation of a motor vehicle is defined as including "the loading or unloading" of such vehicle (11 NYCRR 65.12).

Although the Connors vehicle may well have been "at-fault" in causing the accident, that issue is irrelevant here. About a month before this accident, the loss transfer statute (Insurance Law, § 674, subd 1) was amended effective December 1, 1977 so as to limit loss transfer proceedings based on fault to situations involving commercial vehicles (vehicles weighing more than 6,500 pounds or vehicles used to transport persons for hire). Litigation between insurance companies to transfer a loss based on fault is now foreclosed except for commercial vehicles (see 30 NY Jur, Insurance, § 1259.10, p 128, 1980 Supp; Lamel & Sands, Insurance Law, 1977 Survey of NY Law, 29 Syr L Rev 385, 393). The legislative history suggests that this amendment was made because intercompany loss transfers contribute to overhead costs and delays which are inconsistent with the basic objective of the no-fault system which is to eliminate costly investigations (Memorandum of State Executive Department, McKinney's Session Laws of NY, 1977, 2445, 2449).

Subdivision 2 of section 674 of the Insurance Law and the regulations promulgated thereunder provide for arbitration between carriers if there is dispute as to the source of payment of first-party benefits "because the status of the injured person as a pedestrian or an occupant of a motor vehicle is at issue" (11 NYCRR 65.15 [j] [3]). However, 20th Century did not base its claim on these provisions but framed its request for relief in terms of loss transfer. In any event, the provisions for arbitration to determine the status of an injured party are inapplicable because 20th

Century has conceded that Lawrence was a user of his motor vehicle and not a pedestrian as defined by the regulations.

Petitioner's reliance on *Colon v Aetna Cas. & Sur. Co.* (48 NY2d 570) is misplaced. In *Colon* the plaintiff had exited his disabled vehicle and was standing on the highway diverting oncoming traffic when he was struck by another vehicle. Occupancy, the Court of Appeals stated (p 574), for "no-fault purposes" does not include "entering and/or alighting from the vehicle", that when the plaintiff was struck he was not an "occupant" of his own car and that he was entitled to benefits under the policy covering the vehicle which struck him. Under the rationale of *Colon*, Lawrence was not an occupant of his vehicle. However, the liability of petitioner is based not upon occupancy but upon Lawrence's "use" of his own vehicle and extends to Lawrence the benefits of coverage by his own insurer and renders irrelevant any consideration of the use and operation of the Connors vehicle.

Further, there being only one source of mandatory first-party benefits available to Lawrence, petitioner is not entitled to reimbursement from respondent under the "Other Coverage" subdivision of the "Mandatory Personal Injury Protection Endorsement (New York)" contained in respondent's policy of insurance, which makes provision for contribution by insurers where more than one source of first-party benefits required by the New York Insurance Law is available and applicable to an eligible insured person in any one accident. The only source of first-party benefits available to Lawrence is due from petitioner, his insurance carrier.

Based on the foregoing, although the arbitrators did not explain their decision as fully as they might, it is clear that there was a "rational" basis for their determination.

Accordingly, Special Term's order dismissing the petition to vacate the arbitration award should be affirmed.

DILLON, P. J., CARDAMONE, SIMONS and DENMAN, JJ., concur.

Order unanimously affirmed, with costs.