OPINION OF THE COURT
Dominick J. Viscardi, J.
The plaintiff seeks summary judgment to recover no-fault first-party benefits claimed under a policy of insurance issued by the defendant. The defendant opposes the plaintiff’s motion and cross-moves for summary judgment.
Though the facts of the happening of the accident are not totally agreed upon, the facts which are essential to a determination of these motions are generally agreed upon. The accident occurred on May 19,1979. The infant plaintiff was struck by a motor vehicle operated by Gary Chrysler and owned by Harold Chrysler, an insured of the defendant. The affidavit of Michael Tyler, the infant plaintiff, states that he was struck while “he was seated on a stopped and non-operating mini-bike on the side of Florida Road, also known as Pattersonville Road, for five minutes before the accident, and off the pavement.” At an examination before trial, the infant plaintiff stated that he was “on the side of the road, just sitting there trying to get the bike started.” A statement by the driver of the motor vehicle *472 states that the infant plaintiff was operating the minibike on the highway. There is, however, no dispute that the infant plaintiff was within the boundaries of the public highway as defined by section 134 of the Vehicle and Traffic Law.
Section 672 (subd 1, par [a]) of the Insurance Law, as amended by chapter 892 of the Laws of 1977, provides for the payment of first-party benefits to “(a) persons, other than occupants of another motor vehicle or a motorcycle”. The term “motor vehicle” is defined by subdivision 6 of section 671 of the Insurance Law as follows: “‘Motor vehicle’ shall have the meaning ascribed in section three hundred eleven of the vehicle and traffic law, except that * * * (b) it shall not include a motorcycle (as such term is defined in section one hundred twenty-three of the vehicle and traffic law).” The policy of insurance provided by the defendant excludes from coverage “any person while occupying a motorcycle” and defines a motorcycle as “a vehicle as defined in Section 123 of the New York Vehicle and Traffic Law.”
Thus, the questions presented are: (a) is the minibike a motorcycle, (b) if so, was the infant plaintiff an “occupant” or “occupying” the motorcycle and (c) was the minibike a type of motorcycle intended to be excluded from first-party benefits?
A motorcycle is defined as a “motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor” (Vehicle and Traffic Law, § 123). A motor vehicle is defined in pertinent part as “[e]very vehicle operated or driven upon a public highway *** by any power other than muscular power” (Vehicle and Traffic Law, § 125). Therefore, we conclude that the minibike was being operated as a “motorcycle” as such is defined by the Vehicle and Traffic Law.
The question of “occupancy” of the minibike involves a determination of legislative intent. The Court of Appeals has determined that for no-fault purposes the Legislature intended that the word “occupant” and its “associated term ‘occupying’ ” be given its “customary lexicographical” *473 meaning (Colon v Aetna Cas. & Sur. Co., 48 NY2d 570). The fact that the minibike was not operating is not determinative of whether the infant plaintiff was an “occupant”. The Legislature has made no classification of nonoperating versus operating motor vehicles or motorcycles. The dis-positive fact is that the infant plaintiff was seated by his own admission, on the minibike (see Fleming v Allstate Ins. Co., 102 Misc 2d 994). The court’s conclusion is that the infant plaintiff was an occupant of a motorcycle.
Plaintiffs contend that the rationale for excluding motorcycles from no-fault protection is inapplicable in this case. Their position is that a minibike is a vehicle that does not require financial security as required by article 6 of the Vehicle and Traffic Law, and therefore, the 1977 amendment to the Insurance Law was not meant to exclude those not receiving a free ride under the former system. In enacting chapter 892 of the Laws of 1977, the Legislature did not specify classes of motorcycles not subject to the exclusion. However, chapter 215 of the Laws of 1981 amends section 671 of the Insurance Law to provide that class C mopeds, minibikes and go-carts are entitled to first-party benefits under no-fault. It is clear that the legislative intent is for the statute to be applied retroactively since the 1981 amendment is a remedial statute in that it is designed to clarify the provisions of a prior law (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54; memorandum of State Department of Insurance, McKinney’s Session Laws of NY, 1981, p A-299).
Therefore, the plaintiff is entitled to first-party benefits.