■ JOHN F. INNES, III, Appellant, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Defendant, and NATIONWIDE GENERAL INSURANCE COMPANY, Respondent. (Appeal No. 1.) — Order unanimously affirmed, without costs. Memorandum: Plaintiff, who was injured when he drove his motorcycle into the rear of an automobile, appeals from the grant of summary judgment dismissing his complaint for recovery of first-party no-fault benefits for medical expenses and lost wages from the defendant insurer of his motorcycle and the defendant insurer of the automobile. We agree with Special Term's conclusion that plaintiff was an "occupant" of his motorcycle and thus not eligible to recover first-party benefits pursuant to section 672 (subd 1, par [a]) of the Insurance Law, which provides for payment of first-party benefits to "persons, *other than* occupants of another motor vehicle or a *motorcycle*" (emphasis added). Plaintiff, as operator of his motorcycle, was also an occupant of it. The word "occupant" as used in the Insurance Law should be ascribed its normal dictionary meaning (*Colon v Aetna Cas. & Sur. Co.*, 48 NY2d 570, 575). Therefore, he was properly excluded from no-fault coverage (see Insurance Law, § 672, subd 1, par [a]; see *Tyler v Traveler's Ins. Co.*, 110 Misc 2d 471; *Fleming v Allstate Ins. Co.* 102 Misc 2d 994; cf. *Matter of General Acc. Fire & Life Assur. Corp. [Avery]*, 88 AD2d 739). We note that in the same section of the law at issue here, the Legislature specifically excluded "drivers-operators" but not "occupants" of school buses from no-fault coverage (see Insurance Law, § 672, subd 1, par [a]). Had the Legislature similarly intended to distinguish between drivers and occupants of motorcycles, it easily could have

done so. (Appeal from order of Supreme Court, Genesee County, Davis, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Green, O'Donnell and Moule, JJ.