OPINION OF THE COURT
John S. Lockman, J.
Motion by defendants Stanley Weinstock and Jean Weinstock for summary judgment dismissing the complaint is granted to the extent that the complaint is dismissed for failure to state a cause of action. (CPLR 3211 [a] [7].)
On June 22, 1984 there was an accident between a moped being operated by plaintiff James J. Michels, then 16 years of age, and a motor vehicle owned and operated by Wayne Weinstock, then 20 years of age. Plaintiff James Michels’ right leg was allegedly severed and reattached by microsurgery. The complaint alleges that defendants Stanley Weinstock and Jean Weinstock: "were and still are the actual and/or implied owners of a 1974 Buick motor vehicle bearing New York State license No. 1605 AXJ.” Movants offer a New York State certificate of title reflecting that the subject vehicle was owned by defendant Wayne A. Weinstock. The certificate of title was issued September 8, 1983. They also offer an automobile insurance policy issued to Wayne Weinstock and a current automobile registration reflecting Wayne A. Weinstock as the owner of the vehicle in question. Plaintiffs allege that Wayne A. Weinstock is a student. They do not allege that he was without assets or that movants purchased the vehicle or that the vehicle was being operated for some benefit of movants.
*66 Plaintiffs make reference to the so-called No-Fault Law. (Insurance Law art XVIII.) That statute was enacted to equitably allocate losses suffered through the use of automobiles and to assure prompt compensation without regard to fault. (Fleming v Allstate Ins. Co., 102 Misc 2d 994, 996.) Being in derogation of the common law it is to be strictly construed and not contorted to address problems not contemplated by its drafters (supra; Maxwell v State Farm Mut. Auto. Ins. Co., 92 AD2d 1049). To the extent that the No-Fault Law created remedies, it limited such remedies to "economic loss” (Insurance Law § 671 [1]) and provided an alternative method of securing such remedies. (Insurance Law § 675.) There is no authority for the proposition advanced by plaintiffs that it expanded common-law liability to include parents living in the same household who arguably provide financial support, but who neither own nor provide insurance for the vehicle involved in the accident. If the mandatory insurance coverage required by the Legislature has become inadequate over time, the remedy is legislation and not an unfounded twisting of legislation addressed to a different problem. (See, Walkovszky v Carlton, 18 NY2d 414.)