■ In the Matter of GENERAL ACCIDENT, FIRE & LIFE INSURANCE Co., Appellant, v DANIEL VIRUET, Respondent.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about December 18, 1989, which, *inter alia,* denied petitioner's application for a stay of arbitration and granted respondent Viruet's cross motion to compel arbitration, unanimously affirmed without costs.

At issue in this case is respondent's entitlement to first-party benefits under the "no-fault" policy held by petitioner's insured to compensate him for injuries suffered as a result of an accident which occurred in the early morning hours of December 13, 1984. The evidence on the record shows that respondent had stopped his car, which was not insured, on Grand Central Parkway in order to assist a disabled motorist. After pulling over, he left his car and, after removing an emergency light from his trunk, attached it to the hood of his car and then backed up and parked directly in front of the other vehicle. He had left his car for the second time and was walking toward the rear of his vehicle in the direction of the disabled car when he was struck by the car driven by petitioner's insured. Respondent sought arbitration of a claim for first-party benefits under the policy held by petitioner's insured. Petitioner moved to permanently stay the arbitration on the ground that respondent was either occupying or operating an uninsured vehicle at the time he was struck and was therefore not entitled to first-party benefits and was not a "covered person" under its policy.

Respondent herein, while continuing to request arbitration pursuant to Insurance Law § 5106 on the remaining issues pertaining to the amount to which he would be entitled as first-party benefits, chose to respond solely on the merits as to the threshold issue of whether he was, in fact, entitled to first-party benefits under the provisions of petitioner's insured's no-fault policy. Since we find that, upon the record herein,

respondent was so entitled, we agree with the IAS court that there are no grounds to stay arbitration of the remaining issues regarding the amount of those benefits.

Under Insurance Law § 5103 (a) (1), those entitled to first-party benefits include "[p]ersons, other than occupants of another motor vehicle or a motorcycle, for loss arising out of the use or operation in this state of such motor vehicle." In *Colon v Aetna Cas. & Sur. Co.* (48 NY2d 570), the Court of Appeals made clear that the word "occupant" as used in this section is to be given its ordinary dictionary meaning. Thus, we agree with the IAS court that respondent, who had exited the car and had already taken two steps toward the rear, was clearly no longer an occupant of his own car. Since there is no question that respondent was injured as a result of the use of petitioner's insured's automobile, respondent is entitled to first-party benefits under petitioner's insured's policy unless otherwise excluded.

Insurance Law § 5103 (b) (3) (iv) provides that an insurer may exclude from coverage a person who is injured "while * * * operating or occupying any motor vehicle owned by such injured person with respect to which" no-fault coverage is not in effect. Petitioner's claim appears to be based on its contention that respondent was struck while walking toward the trunk of his uninsured automobile to remove something and, under such facts, must be held to have been "operating" his vehicle within the meaning of the statute and excluded from coverage pursuant to such a provision. However, the record does not support a finding that at the time he was struck respondent was on the way to his trunk for purposes of unloading it. In any event, even assuming, arguendo, that such was the case—i.e., that respondent was walking toward the rear of the car with an intention of opening the trunk and unloading it, he clearly had not yet begun to do so and cannot be held to have been "operating or occupying" his vehicle at the time he was struck by the vehicle of petitioner's insured. *(Cf., Matter of 20th Century Ins. Co. [Lumbermen's Mut. Cas. Co.],* 80 AD2d 288.) Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.