**PROFESSIONAL AFFILIATES CO., INC., Plaintiff,**

Steven J. Bibeau, Defendant and Third–Party Plaintiff–Appellant,

v.

**FARMERS INSURANCE GROUP, a California corporation, and Mid–Century Insurance Company, a California corporation, Third–Party Defendants–Appellees.**

No. 91CA0825.

Colorado Court of Appeals, Div. III.

Aug. 6, 1992.

Rehearing Denied Oct. 15, 1992.

Certiorari Denied March 22, 1993.

No appearance for plaintiff.

Blaine A. Rutenbeck, James F. Frost, Denver, for defendant and third-party plaintiff-appellant.

No appearance for third-party defendant-appellee Farmers Ins. Group.

Hall & Evans, Eugene O. Daniels, Malcolm S. Mead, Denver, for third-party defendant-appellee Mid–Century Ins. Co.

Opinion by Judge MARQUEZ.

Defendant and third-party plaintiff, Steven J. Bibeau, appeals the summary judgment entered against him on his claim against third-party defendants, Farmers Insurance Group and Mid–Century Insurance Co. (insurers). We reverse and remand with directions.

As Bibeau was driving his motorcycle westbound, a southbound pickup truck, which was making a left hand turn, stopped in front of Bibeau's line of travel. Bibeau collided with the truck and was either thrown from or fell off his motorcycle and landed with his head and chest underneath the truck. According to Bibeau's testimony, within three to ten seconds after impact, the truck rolled over his chest causing severe thoracic injuries.

Bibeau settled his claim against the truck driver for $50,000, reserving any rights he might have under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 9A) (the Act).

Plaintiff, Professional Affiliates Company, Inc., later instituted suit against Bibeau for collection of medical charges for treatment of his injuries. Bibeau brought the companies providing insurance for the truck driver into the suit, asserting that any amount owing for medical care was within personal injury protection (PIP) coverage of the policy insuring the driver of the pickup truck.

The insurers moved for summary judgment claiming that Bibeau was not entitled to any benefits under the PIP statute since his injuries were caused from an accident involving the use and operation of his motorcycle. Bibeau filed a cross-motion for summary judgment, asserting that he became a pedestrian when he came to rest under the pickup truck and, therefore, was entitled to receive PIP benefits. The trial court concluded that Bibeau was not a pedestrian under the circumstances here and granted the insurers' motion for summary judgment.

On appeal, Bibeau contends that because he was not upon his motorcycle at the time he received his injuries, he became reclassified, as a matter of law, as a pedestrian under the provisions of the Act. We agree.

Bibeau's testimony was that upon impact he fell or was thrown from his motorcycle and landed with his body halfway under the truck in front of the left rear wheel, that Bibeau recalls looking up and seeing the muffler of the truck, and that a few seconds from the time he recalls seeing the muffler, the truck rolled over his chest area. Accepting this scenario as true, the insurers' position is that Bibeau's injuries were caused from an accident involving the use and operation of his motorcycle and that his subsequently being thrown or falling from the motorcycle and then being run over by the same truck does not change his capacity as an occupant of his motorcycle into that of a pedestrian.

In our view, Bibeau's initial collision with the truck and the subsequent event of being run over by the truck are two separate incidents, and Bibeau's status as to each incident must be considered separately.

The insurers state that the automobile insurance policy is intended to comply with the Act, and both parties analyze the question presented under its provisions. Accordingly, we will refer to the requirements of the Act in making our determination. See Great Plains Insurance Co. v. Angerman, 833 P.2d 810 (Colo.App.1991) (statutory requirements, not specific policy provisions, dictate whether policy issued to comply with Act provides coverage for PIP benefits).

The Act does provide benefits to "a pedestrian if injured in an accident involving" an insured vehicle. Section 10–4–707(1)(c), C.R.S. (1987 Repl.Vol. 4A). Pedestrian is defined in § 10–4–703(9), C.R.S. (1987 Repl. Vol. 4A) as: "any person not occupying or riding in or upon a motor vehicle or machine operated by a motor or engine."

In Rose v. Allstate Insurance Co., 782 P.2d 19 (Colo.1989), a passenger, who had begun the immediate act of entering a vehicle when that vehicle was struck by another vehicle driven by the insured, was determined to be an occupant at the time of his injury. There, our supreme court construed "occupying" as it is used in the Act "to include any person who is in or upon a vehicle, or who has begun the immediate act of entering into or alighting from a vehicle." See MFA Mutual Insurance Co. v. Government Employees Insurance Co., 785 P.2d 128 (Colo.1990) (insureds, who had stopped to change flat tire and were struck from behind as they were leaning into trunk to remove spare tire, were pedestrians).

Here, the resolution of Bibeau's entitlement to PIP benefits depends on whether "occupying" includes a person who is involuntarily ejected from a machine operated by a motor after colliding with another vehicle and is then struck by that vehicle seconds after hitting the ground.

Although there is no Colorado authority directly on point, the court in State Farm Mutual Automobile Insurance Co. v. Berg, 70 Or.App. 410, 689 P.2d 959 (1984) examined the words "alighting from" under a comparable PIP statute. There, a woman was thrown from her car by the impact of a head-on collision. She landed in a lane of traffic and, other than trying to lift her head and arm, remained stationary until another vehicle operated by the insured ran over her.

The Berg court found that the woman completed the alighting process upon coming to rest on the pavement. The court noted that the woman's failure to seek a

place of safety or embark on a different course of action was not dispositive, as she was unable to do so. Thus, the court held that the woman was a pedestrian when her body came into contact with the insured's vehicle.

We find the reasoning of the *Berg* court persuasive concerning the interpretation of "alighting from" and, consistent with the provisions of the Act and our supreme court's opinion in *Rose v. Allstate Insurance Co., supra.*

According to the undisputed facts, after the initial impact Bibeau was thrown or fell off his motorcycle and landed under the truck. Within a few seconds after Bibeau saw the muffler, the truck rolled over his chest. Under these facts, we conclude as a matter of law, that at the time the truck rolled over him, Bibeau was not a person who was in or upon a vehicle or who had begun the immediate act of alighting from a vehicle, *Rose v. Allstate Insurance Co., supra,* and was a "pedestrian" within the meaning of the Act.

Accordingly, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

METZGER and REED, JJ., concur.