■ JAMES GALLAHER, Respondent-Appellant, v REPUBLIC FRANKLIN INSURANCE COMPANY, an Affiliate of UTICA MUTUAL INSURANCE COMPANY, Appellant-Respondent. [896 NYS2d 274]—

Appeal and cross appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered December 12, 2008. The order denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is

unanimously reversed on the law without costs, the motion is granted and judgment is granted in favor of defendant as follows:

It is adjudged and declared that defendant is not obligated to provide supplementary uninsured motorist coverage to plaintiff.

Memorandum: Plaintiff, a volunteer firefighter, commenced this action seeking a declaration that defendant is obligated to provide him with supplementary uninsured motorist (SUM) coverage under a policy issued by defendant to the volunteer fire company. In relevant part, the SUM endorsement defined an insured as "[y]ou, as the named insured" and "[a]ny other person while occupying . . . [a] motor vehicle insured for SUM under this policy." The SUM endorsement also defined "occupying" as "in, upon, entering into, or exiting from a motor vehicle." Supreme Court denied defendant's motion for summary judgment. The court agreed with defendant that plaintiff was not a named insured under the policy, but nevertheless determined that there was an issue of fact whether plaintiff was covered under the policy as a person occupying the truck. Defendant now appeals, and plaintiff cross-appeals.

Addressing first plaintiff's cross appeal, we conclude that the court properly determined that plaintiff is not a named insured under the policy. The named insured was the fire company, and thus "[y]ou" in the SUM endorsement referred only to the fire company and did not, as plaintiff contends, also refer to an employee of the company (see *Buckner v Motor Veh. Acc. Indem. Corp.*, 66 NY2d 211, 214 [1985]; *Matter of Coregis Ins. Co. v Miceli*, 295 AD2d 511 [2002]). Addressing next defendant's appeal, we agree with defendant that the court erred in determining that there is an issue of fact whether plaintiff was covered under the policy as a person occupying the truck. At the time of the accident, plaintiff had exited the fire company's truck and was directing traffic away from the scene of a motor vehicle accident. Plaintiff's conduct in directing traffic was "unrelated to the [truck]" and was not incidental to his exiting it (*Matter of Travelers Ins. Co. [Youdas]*, 13 AD3d 1044, 1045 [2004]). Thus, under the facts of this case, plaintiff was not "occupying" the truck within the meaning of that term in the policy (see *Matter of Martinez*, 295 AD2d 277, 278 [2002]; *Coregis Ins. Co.*, 295 AD2d at 511). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.