# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**399**

**CA 14-01228**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

KAREN BOYSON, PLAINTIFF-APPELLANT,

V                                                          OPINION AND ORDER

IRENE KWASOWSKY, ET AL., DEFENDANTS,
KEMPER INDEPENDENCE INSURANCE COMPANY AND
FARM AND FAMILY CASUALTY INSURANCE CO.,
DEFENDANTS-RESPONDENTS.

---

DAVID G. GOLDBAS, UTICA, FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KRISTIN L. NORFLEET OF COUNSEL), FOR DEFENDANT-RESPONDENT KEMPER INDEPENDENCE INSURANCE COMPANY.

COSTELLO COONEY & FEARON, PLLC, CAMILLUS (TERANCE V. WALSH OF COUNSEL), FOR DEFENDANT-RESPONDENT FARM AND FAMILY CASUALTY INSURANCE CO.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), dated October 3, 2013. The judgment granted the motion and cross motion of defendants Kemper Independence Insurance Company and Farm and Family Casualty Insurance Co., respectively, for summary judgment dismissing the complaint against those defendants.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion and cross motion, and reinstating the complaint to that extent, and judgment is granted in favor of defendants Kemper Independence Insurance Company and Farm and Family Casualty Insurance Co. as follows:

It is ADJUDGED and DECLARED that plaintiff is not entitled to first-party benefits, additional personal injury protection, or optional basic economic loss under the terms of the policy issued by Kemper Independence Insurance Company to plaintiff and Carl Boyson; and

It is further ADJUDGED and DECLARED that plaintiff is not entitled to first-party benefits under the terms of the automobile insurance policy issued by Farm and Family Casualty Insurance Co. to Irene Kwasowsky;

and as modified the judgment is affirmed without costs.

Opinion by SCONIERS, J.:

At issue on this appeal is whether plaintiff, who was seriously injured in an accident involving a motorcycle and a pickup truck, is entitled to first-party benefits under no-fault automobile insurance policies issued by defendants Kemper Independence Insurance Company (Kemper) and Farm and Family Casualty Insurance Co. (Farm and Family). Resolving that issue requires that we determine whether plaintiff was "occupying" the motorcycle, within the meaning of that term under the insurance policies at issue, when she was injured. In the unique circumstances of this case, we conclude that plaintiff, at the time of her injuries, was "occupying" the motorcycle and is therefore not entitled to first-party benefits under the Kemper and Farm and Family insurance policies.

I.

On April 22, 2011, plaintiff was a passenger on a motorcycle owned and operated by her husband, defendant Carl Boyson (Boyson). They were traveling west on Route 49 in the Town of Vienna when Boyson pulled into the eastbound lane to pass a recreational vehicle. A pickup truck owned by defendant Irene Kwasowsky and operated by defendant Bohdan Kwasowsky was then traveling in the eastbound lane of Route 49 approaching the motorcycle. To avoid a collision with the Kwasowsky pickup truck, Boyson veered to the left and dropped the motorcycle on its side, causing him and plaintiff to come off the motorcycle. The motorcycle collided with the front of the pickup truck, became airborne, and landed on plaintiff.

At the time of the accident, plaintiff and Boyson had two vehicles insured under an automobile insurance policy issued by Kemper, and the Kwasowsky pickup truck was insured under an automobile insurance policy issued by Farm and Family. Plaintiff sought, inter alia, first-party no-fault benefits under each policy. Kemper and Farm and Family denied coverage based upon, inter alia, an identical provision in each policy excluding personal injury protection (no-fault) coverage for "personal injury sustained by . . . [a]ny person while occupying a motorcycle." Both insurance policies define "occupying" to mean "in or upon or entering into or alighting from."

Plaintiff commenced this action against Boyson, the Kwasowskys, Kemper, and Farm and Family. In the second cause of action, plaintiff alleged that she is entitled to first-party benefits under the Kemper policy because she was injured as a pedestrian and is thus an "eligible injured person" pursuant to that policy. In the third cause of action, plaintiff similarly alleged that Farm and Family is obligated to provide her with first-party benefits under its policy because she was injured as a pedestrian. Plaintiff therefore sought, inter alia, judgment declaring that Kemper and Farm and Family must pay first-party benefits to her according to the terms and conditions of the insurance policies at issue, and pursuant to Insurance Law § 5102.

Kemper moved, and Farm and Family cross-moved, for summary

judgment, asserting that there is no coverage for plaintiff under their respective insurance policies.  Supreme Court granted the motion and cross motion.  The court rejected plaintiff's argument, advanced in opposition to the motion and cross motion, that her status as an occupant of the motorcycle was transformed into that of a pedestrian when she came off the motorcycle as the accident unfolded.  Rather, the court concluded that plaintiff remained an occupant of the motorcycle throughout the continuous and nearly instantaneous chain of events that produced her injures.  Consequently, the court determined that her injuries were excluded from no-fault coverage under both the Kemper and Farm and Family insurance.

## II.

Previously, motorcycle operators and passengers injured in motor vehicle accidents were generally entitled to first-party benefits under the no-fault law.  Former section 672 (1) (a) of the Insurance Law provided that those entitled to first-party benefits under the no-fault scheme encompassed "persons, other than occupants of another motor vehicle."  That category included motorcyclists on a par with pedestrians (see *Perkins v Merchants Mut. Ins. Co.*, 41 NY2d 394, 396-397).  The statute was amended in 1977 to exclude occupants of motorcycles from such benefits (see L 1977, ch 892, § 9), thereby terminating the treatment of motorcycle occupants "as pedestrians rather than motorists [who] enjoy the benefits of no-fault at no cost" (Mem of Legislature, 1977 McKinney's Session Laws of NY at 2448).  The successor of the amended statute, Insurance Law § 5103 (a) (1), currently provides that, under a policy of insurance issued on an automobile, first-party benefits are available to "[p]ersons, other than occupants of another motor vehicle or *a motorcycle*" (*id.* [emphasis added]; *see Carbone v Visco*, 115 AD2d 948, 948; *Innes v Public Serv. Mut. Ins. Co.*, 106 AD2d 899, 899).  The exclusions in the Kemper and Farm and Family insurance policies of "any person while occupying a motorcycle" are consistent with Insurance Law § 5103 (a) (1) and the regulations promulgated thereunder (*see* 11 NYCRR 65-1.1 [d]).

Plaintiff acknowledges that, at the inception of the events that produced her injuries, she was "occupying" the motorcycle within the meaning of those exclusions.  She therefore does not seek first-party benefits for all of the injuries she sustained during the incident.  In particular, she does not seek such benefits with respect to the injuries she sustained when Boyson veered off the road and dropped the motorcycle, causing her to strike the ground.  Instead, plaintiff seeks first-party benefits only for the injuries she sustained after the pickup truck collided with the motorcycle, propelling the latter into the air and causing it to land on her.  Plaintiff postulates that there were two distinct accidents, the first occurring when she struck the ground and the second when the motorcycle landed on her.  She contends that she was an occupant of the motorcycle only during the first accident and became a pedestrian during the second.  Kemper and Farm and Family counter that plaintiff remained an occupant of the motorcycle throughout an unbroken chain of events that constituted a single accident.

III.

Interpretation of the terms "occupant" and "occupying" for purposes of no-fault coverage begins with *Colon v Aetna Cas. & Sur. Co.* (48 NY2d 570). The injured plaintiff in *Colon* had exited his disabled vehicle and was standing on the highway attempting to divert oncoming traffic away from his vehicle when he was struck by a vehicle operated by the defendant's insured. When the accident occurred, the plaintiff was walking six or seven feet behind his vehicle and had been flagging oncoming traffic for approximately 20 minutes (*id.* at 572-573). The Court of Appeals determined that the plaintiff was not an "occupant" of his own vehicle when he was injured, and thus he was not excluded from no-fault coverage under the defendant's policy on the ground that he was "an occupant of another motor vehicle" within the meaning of Insurance Law former § 672 (1) (a) (now § 5103 [a] [1]) (*Colon*, 48 NY2d at 572).

In making that determination, the Court rejected the defendant's contention that, for purposes of the no-fault scheme, the term "occupant" should be interpreted in accordance with the expanded meaning given to the term "occupying" under the Motor Vehicle Accident Indemnification Corporation (MVAIC) Law. Former Insurance Law § 617 (now § 5217) defined "occupying" to mean "in or upon or entering into or alighting from." That expansive definition of "occupying" had been held to encompass situations in which a person is "vehicle oriented" (*Colon*, 48 NY2d at 574). A person may be vehicle oriented with respect to a particular vehicle when not in physical contact with that vehicle, as long as the separation from the vehicle is temporary and brief, and "provided there has been no severance of connection with it" (*Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 11; *see State-Wide Ins. Co. v Murdock*, 31 AD2d 978, 979, *affd* 25 NY2d 674; *see also Gallaher v Republic Franklin Ins. Co.*, 70 AD3d 1359, 1360, *lv denied* 14 NY3d 711; *Matter of Travelers Ins. Co. [Youdas]*, 13 AD3d 1044, 1045; *Estate of Cepeda v United States Fid. & Guar. Co.*, 37 AD2d 454, 455).

The Court in *Colon* rejected the more expansive MVAIC definition of "occupying" as meaning vehicle oriented when it interpreted "occupant" for no-fault insurance purposes. The Court concluded that for no-fault insurance purposes, "the word 'occupant' . . . should be ascribed its normal, dictionary meaning" (*id.*, 48 NY2d at 575; *see Matter of General Acc., Fire & Life Ins. Co. v Viruet*, 169 AD2d 608, 609). When he was injured, the plaintiff in *Colon* "was not an 'occupant' of his own car within the ordinary and customary meaning of the term," and thus he was not excluded from first-party no-fault insurance benefits under the defendant's policy (*id.* at 573; *see Matter of General Acc. Fire & Life Assur. Corp. [Avery]*, 88 AD2d 739, 740; *Matter of 20th Century Ins. Co. [Lumbermen's Mut. Cas. Co.]*, 80 AD2d 288, 291).

Notably, the statute currently defines the class of persons entitled to the payment of first-party no-fault insurance benefits using "the unembellished word 'occupant' " (*Colon*, 48 NY2d at 574), but the exclusions at issue in the Kemper and Farm and Family

insurance policies incorporate an expansive definition of "occupying" identical to that of the MVAIC Law:  "in or upon or entering into or alighting from" (§ 5217).  Arguably, plaintiff was not an "occupant" of the motorcycle within the ordinary and customary meaning of that term when she was lying on the ground and the motorcycle landed on her.  The question remains, however, whether plaintiff was "occupying" the motorcycle in the broader sense of being "vehicle oriented" when she was injured.

IV.

Case law in New York does not address the question whether a person in plaintiff's position, who sustains injury after being thrown from a motorcycle, nevertheless continues "occupying" the motorcycle, and authority from other jurisdictions on that question is divided. Courts in other jurisdictions have held that the injured person continued to occupy the motorcycle for no-fault insurance purposes after being thrown from it (see Dunlap v U.S. Auto. Assn., 470 So 2d 98, 100 [Fla Dist Ct App, 1st Dist]; Farmers Ins. Co. of Washington v Clure, 41 Wash App 212, 215-217, 702 P2d 1247, 1249-1250; see also Partridge v Southeastern Fid. Ins. Co., 172 Ga App 466, 467, 323 SE2d 676, 677; 9 Couch on Insurance § 125:38 [2014]).  Other courts have held that the injured motorcycle operator or passenger ceased occupying the motorcycle after being thrown from it (see Swarner v Mutual Benefit Group, 72 A3d 641, 650-651 [Pa Super Ct], appeal denied 85 A3d 484; Miller v Amica Mut. Ins. Co., 156 NH 117, 122, 931 A2d 1180, 1184; Mid-Century Ins. Co. v Henault, 128 Wash 2d 207, 218, 905 P2d 379, 384; Professional Affiliates Co., Inc. v Farmers Ins. Group, 849 P2d 819, 820-821 [Colo Ct App, Div III]; see also State Farm Mut. Auto. Ins. Co. v Berg, 70 Or App 410, 416, 689 P2d 959, 963, appeal denied 298 Or 553, 695 P2d 49), or that issues of fact existed with respect to the status of the injured person (see Schmidt v State Farm Mut. Ins. Co., 750 So 2d 695, 697 [Fla Dist Ct App, 2d Dist]; Collins v International Indem. Co., 256 Ga. 493, 494, 349 SE2d 697, 698).

In those cases holding that the occupancy of the motorcycle by the injured person had ceased, the facts supported a conclusion that there were two accidents, i.e., the first when the injured person was thrown to the pavement, and the second when that person was struck by another vehicle unconnected to the first accident (see Swarner, 72 A3d at 650-651; Miller, 156 NH at 122, 931 A2d at 1184; Mid-Century Ins. Co., 128 Wash 2d at 218, 905 P2d at 384; but see Professional Affiliates Co., Inc., 849 P2d at 820-821).  Here, however, plaintiff was injured by an impact with the motorcycle she was occupying, immediately following her accidental ejection from it.  Her ejection, moreover, was the result of Boyson's attempt to avoid a collision with the very pickup truck that propelled the motorcycle in plaintiff's direction.  Given those circumstances, we conclude that there was a single accident and that plaintiff was continuously "occupying" the motorcycle within the meaning of the exclusions of the Kemper and Farm and Family insurance policies.  Although plaintiff was briefly separated from the motorcycle during the incident, she remained "vehicle oriented."  Her separation from the motorcycle did not

transform her status from an occupant of the motorcycle to a pedestrian during the brief interval between striking the ground and being struck by the motorcycle.

We therefore agree with the court that plaintiff is not entitled to first-party no-fault insurance benefits under the Kemper and Farm and Family insurance policies. We conclude, however, that the court erred in granting Kemper's motion insofar as it sought dismissal of the complaint and Farm and Family's cross motion seeking dismissal of the third cause of action rather than declaring the rights of the parties (*see Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047). Accordingly, we conclude that the judgment should be modified by denying the motion and cross motion, and reinstating the complaint to that extent, and that judgment should be granted to Kemper and Farm and Family declaring that plaintiff is not entitled to first-party no-fault insurance benefits under either of the insurance policies at issue.

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court