New Millennium Medical Imaging, P.C., as Assignee of Yao He Wang, Appellant,
against
MVAIC, Respondent.




Law Office of Damin J. Toell, P.C. (Damin J. Toell of counsel), for appellant.
Law Office of Jaime E. Gangemi (Tracy Bader Pollack of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered June 10, 2015. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is affirmed, with $25 costs.
After a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits from defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC), the Civil Court dismissed the complaint.
The sworn NF-2 submitted by plaintiff's assignor stated that plaintiff's assignor had been injured when the motorcycle he had been driving had been involved in an accident with another vehicle. In Englington Med., P.C. v Motor Veh. Acc. Indem. Corp. (81 AD3d 223, 228-229 [2011]), the Appellate Division stated:
"Generally, motorcycle riders, whether operators or passengers, are not entitled to first-party no-fault insurance benefits from MVAIC (see Insurance Law § 5103 [a] [1], [2]; see also Quinones v Motor Veh. Acc. Indem. Corp., 6 Misc 3d 1007[A], 2004 NY Slip Op 51729[U] [2004]; 2-27 New Appleman New York Insurance Law § 27.04 [3] [2d ed] ['Occupants of a motorcycle are excluded from coverage and are never entitled to no-fault benefits']). A motorcycle is defined in the Insurance Law as 'any motorcycle, as defined in [Vehicle and Traffic Law § 123], and which is required to carry financial [*2]security pursuant to article six, eight or forty-eight-A of the vehicle and traffic law' (Insurance Law § 5102 [m] [emphasis added]). The Vehicle and Traffic Law defines a motorcycle as a 'motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor' (Vehicle and Traffic Law § 123). Pursuant to the Vehicle and Traffic Law, class C motorcycles, which have a maximum speed of 20 miles per hour, are not required to carry insurance (see Vehicle and Traffic Law §§ 121-b, 2265 [3]). Construing these provisions together, the operator of, or passenger on a class C motorcycle is entitled to no-fault benefits in the absence of any other statutory preclusion of benefits (see Tyler v Traveler's Ins. Co., 110 Misc 2d 471, 473 [1981] [operators of and passengers on 'class C mopeds, minibikes and go-carts are entitled to first-party benefits under no-fault']; 2-27 New Appleman New York Insurance Law § 27.04 [3] ['Occupants of . . . limited-use class C motorcycles will not be excluded from coverage']). Thus, not all motorcycles are required to carry insurance."
As plaintiff failed to establish that the motorcycle was a class C motorcycle, and thus that plaintiff's assignor was eligible for first-party no-fault benefits, plaintiff failed to establish its prima facie case (see Troches v MVAIC, 171 AD2d 873 [1991]; Quinones v Motor Veh. Acc. Indem. Corp., 6 Misc 3d 1007[A], 2004 NY Slip Op 51729[U] [Sup Ct, Kings County 2004]; see also Medical Diversified Servs., Inc. v MVAIC, 58 Misc 3d 139[A], 2017 NY Slip Op 51848[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the judgment is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 23, 2018