■ In the Matter of the Arbitration between JUSTINO DE JESUS, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Judgment and order (one paper) entered August 22, 1968 after trial before the court without a jury, based upon a finding that timely written notice was given respondent-appellant MVAIC, unanimously reversed on the law, the facts, and in the exercise of discretion, without costs or disbursements and the motion to stay arbitration permanently is granted. On May 19, 1965 claimant was injured when the car he was operating was struck by another automobile which was uninsured. The car operated by claimant was insured and as an "insured person" he was entitled to make claim against the respondent MVAIC under the provisions of the New York Automobile Accident Indemnification Endorsement attached to the owner's policy. The endorsement provides that if there is a disagreement upon the question of damages the matter shall be settled by arbitration. It is further provided that within 90 days "or as soon as practicable" the insured shall give MVAIC written notice of the claim. Promptly after the accident on June 3, 1965 claimant's attorney wrote Jesse Green, the prospective defendant, stating that he had been retained and making claim for personal injuries. Nothing else was done by this lawyer for many months. Dissatisfied with his lawyer's inaction, claimant retained new attorneys on January 26, 1966. The latter on February 8, 1966 wrote Mr. Green a second claim letter and filed with the Department of Motor Vehicles on its prescribed form, a request for the insurance status of Jesse Green. The Department of Motor Vehicles on or about February 10 erroneously replied that General Accident Insurance Corporation insured Jesse Green. On March 4, 1966 the

attorneys wrote Green's carrier advising it of the claim. On March 11, 1966 the insurance company replied advising that on the date of the accident " there was no policy of insurance in effect between this Corporation and Jesse Green. Such insurance as Jesse Green had carried with this corporation had terminated effective February 12, 1965 ". MVAIC was given notice of claim on March 14, 1966. Clearly the inaction of his first lawyer is charged to the claimant. It appears, therefore, that claimant did not request information from the Motor Vehicle Department as to whether the other car carried insurance until February 8, 1966 — almost nine months after the date of the accident. He did not serve his notice of claim until approximately 10 months after the date of the accident. The trial court held that the claim had been filed "as soon as practicable after discovery of uninsured status ". The ruling was based upon the finding that substituted counsel moved with promptness to ascertain whether Green was covered by insurance and upon the claimant's showing that he had importuned his first lawyer on many occasions to ascertain the status of his case. While the record supports these findings, it does not justify the result reached. As has been previously held (see Matter of Kauffman, [MVAIC], 25 A D 2d 419; Matter of MVAIC [Cosulich], 23 A D 2d 546) a claimant who has not filed notice within the 90-day period must show that he has diligently sought to determine whether insurance coverage exists during the critical period preceding the giving of notice. In spite of the misinformation received from the Motor Vehicle Bureau, substituted counsel promptly ascertained the lack of insurance. Had claimant's first lawyer shown the same diligence as his substituted counsel, claimant would not now be out of court. It is obvious that had claimant adopted the pattern of procedure followed by the substituted attorneys he would have discovered the lack of coverage many months prior to March, 1966. Concur — Eager, J. P., McGivern, Markewich, Nunez and Steuer, JJ.