■ MARIE ZEIGLER, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—Order, Supreme Court, New York County, entered August 15, 1975, denying petitioner's application to compel respondent to accept a late notice of claim, unanimously affirmed, without costs and without disbursements. An uninsured motor vehicle owned by Foster Thompson struck the petitioner pedestrian on July 21, 1972, the insurance coverage having theretofore been canceled by New Hampshire Insurance Company (hereinafter New Hampshire) as of April 18, 1972. A report from

the Department of Motor Vehicles, dated February 7, 1973 (six and one-half months after the accident), was received by petitioner's counsel which indicated that on the date of last registration for the vehicle, a policy of insurance had been issued by New Hampshire. The report did not indicate that coverage existed on the accident date. Petitioner's claim letter, dated February 28, 1973, was forwarded to New Hampshire, the latter thereupon requesting further particulars by letter dated March 21, 1973. By letter dated April 16, 1973, New Hampshire notified petitioner's counsel that coverage had been canceled prior to the accident. On April 24, 1973, counsel forwarded a notice of intention to make claim to Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). A new notice of intention, duly executed, was forwarded to MVAIC by letter dated May 10, 1973, the prior one being incomplete. Subsequently, counsel received a further motor vehicle department report which indicated that insurance was in force, naming New Hampshire Policy No. AR6187612, but without indicating in the appropriate box whether such insurance was in force "on date of above accident," "on date of last registration" or "on June 1, 1972." Counsel notified MVAIC to keep its file open as petitioner was exploring the possibility that the offending vehicle was still insured by New Hampshire. By letter dated July 6, 1973, the insurance company reiterated that coverage was canceled April 18, 1972. On or about August 10, 1973, counsel received a third Department of Motor Vehicles report which stated that no insurance was in force on the date of the accident. By letter dated August 14, 1973, he informed MVAIC of this. MVAIC by letter dated August 13, 1973 rejected the claim for noncompliance with the provisions applicable to timely notice and reiterated this position by letter dated August 20, 1973. By application returnable April 30, 1975 supported by counsel's affidavit sworn to March 28, 1975, petitioner sought to compel MVAIC to accept the notice of claim filed on April 24, 1973. Initially, it is observed that even assuming the retroactivity of the 1974 amendment to section 608 of the Insurance Law (L 1974, ch 488, § 1, eff. May 23, 1974), petitioner receives no benefit. The statute as amended permits filing within 31 days of receipt of written notice of correction of the error by the Department of Motor Vehicles. This applies only where the failure to file within the 90-day period occurs as a consequence of the receipt of erroneous information from said department. Here the information from the department was initially received some six and one-half months after the accident and perforce was not the cause of the failure to timely file. Further, the first two reports were not erroneous in the sense that they misrepresented the true state of facts; rather, they were incomplete and not fully informative, and in this sense could not be relied upon. Moreover, the application for relief to the court must be made within one year from the beginning of the applicable period for filing the affidavit. Petitioner's contention that MVAIC should be estopped from raising the one-year bar because it received notice within the one year and failed to reject it until the period had expired is without merit (see *Miller v County of Putnam,* 32 AD2d 827, affd 25 NY2d 664). Even under the broadened applicability of the doctrine of estoppel to government subdivisions enunciated in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), MVAIC is not estopped because there was no duty to notify the claimant that the notice of claim was not timely served and petitioner at any time could have sought relief from the court, it not being a prerequisite that MVAIC first reject the untimely notice. The 20-month interval between the time of receipt of the third report from the Department of

Motor Vehicles and the petitioner's application demonstrates the absence of any prejudice to petitioner by MVAIC's waiting until August, 1973 to reject the claim. Concur—Murphy, J. P., Lupiano, Birns, Capozzoli and Nunez, JJ.