■ In the Matter of JUAN RAMOS, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding to compel the appellant to accept a notice of intention to file a claim, pursuant to section 608 of the Insurance Law, the appeal is from an order of the Supreme Court, Kings County, dated March 8, 1976, which granted petitioner's motion to compel acceptance of the claim to the extent of requiring appellant to process the claim. Order reversed, on the law, with $50 costs and disbursements, motion denied, and petition dismissed. The findings of fact are affirmed. Petitioner was struck by an unidentified vehicle on July 29, 1973. On September 12, 1973 petitioner's attorney notified the Motor Vehicle Accident Indemnification Corporation (MVAIC), by mail, that he intended "to proceed under the benefits afforded by the MVAIC." Petitioner did not file the affidavit required by subdivision (b) of section 608 of the Insurance Law until May 8, 1974. The MVAIC properly rejected the claim on the basis of lack of timely notice. The affidavit was not filed within the 90-day period set forth in subdivision (b) of section 608 of the Insurance Law and the September 12, 1973 letter was not an adequate substitute for the required affidavit. The inaction of petitioner's attorney is chargeable to petitioner (see *Matter of De Jesus [MVAIC],* 31 AD2d 917). A court is without discretion to allow late filing for any reasons other than those set forth in the statute (cf. *Matter of Krouner v MVAIC,* 23 AD2d 711). As petitioner failed to comply with the affidavit requirement of subdivision (b)

of section 608 of the Insurance Law, his claim should have been dismissed. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.