■ In the Matter of ALMA SAMPSON, Appellant. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Respondent.—In a proceeding for leave to serve a notice of claim pursuant to section 608 of the Insurance Law, the petitioner appeals from an order of the Supreme Court, Kings County, dated June 7, 1976, which denied the application and dismissed the petition. Order affirmed, with $50 costs and disbursements. Section 608 of the Insurance Law clearly outlines the time limitations imposed upon one asserting a claim against the Motor Vehicle Accident Indemnification Corporation. In proceeding against an uninsured motorist a notice of intention must be filed within 90 days of the accrual of the cause of action. An application to the court for leave to file a late notice of intention to file a claim must be made within one year from the accrual of the cause of action. The Motor Vehicle Accident Indemnification Corporation is not estopped from asserting the one-year filing limitation as a defense to the action. Petitioner failed to proceed with due diligence. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ In the Matter of the Estate of MYRA M. SCHUSTER, Deceased. GERTRUDE C. FITZ GIBBON, Appellant; W. WESLEY HILL, Respondent.—In a probate proceeding, in which the proponent and contestant stipulated to have the court construe the will to determine whom the testatrix intended to name as executor, the contestant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Nassau County, dated September 3, 1976, as named the proponent as executor of the estate. Decree affirmed insofar as appealed from, with $50 costs and disbursements to respondent payable personally by appellant. Both the will and the circumstances existing at the time of the testatrix' death, support the Surrogate's determination that the proponent was intended by the testatrix to be executor of the estate. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.