In the Matter of MARIE BAILEY, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding pursuant to section 608 of the Insurance Law for permission to file a late claim with the Motor Vehicle Accident Indemnification Corporation (MVAIC), the appeals are (1) from an order of the Supreme Court, Queens County, entered November 3, 1977, which granted the application and (2) as limited by appellant's brief, from so much of a further order of the same court, entered March 29, 1978, as, upon reargument, adhered to the original determination. Appeal from the order entered November 3, 1977, dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order entered March 29, 1978, reversed, insofar as appealed from, on the law, without costs or disbursements, and, upon reargument, application denied. On April 19, 1974 the petitioner sustained injuries when the taxicab in which she was a passenger collided with another vehicle. In 1976 she commenced an action against the then defunct taxicab company. The insurer of the taxicab company was in the process of liquidation. No proof of claim was filed by or on behalf of the claimant and, on January 28, 1977, the liquidator of the insurance carrier advised the taxicab company that it would defend the suit but because of the failure to file a proof of claim, no adverse judgment would be paid. A copy of this letter was sent to the claimant. Approximately two months later the claimant sent a letter to MVAIC giving notice of her intent to file a claim. Assuming, without so deciding, that the January, 1977 letter from the liquidator to the insured cab company constituted a disclaimer, the claimant had 10 days to file an affidavit of intent to make a claim against MVAIC (see Insurance Law, § 608, subd [c]). Rather than complying with the time limitations prescribed by statute, the petitioner delayed taking any action for almost two months. "A court is without discretion to allow late filing for any reasons other than those set forth in the statute" (*Matter of Ramos v MVAIC*, 54 AD2d 734). No such reasons were presented and it was therefore improper to grant the petitioner's application. We also note that regardless of the issue of timely notice, there is no proper recourse against MVAIC in the circumstances of this case. The petitioner's dilemma is a result of the insolvency of the insurance carrier and not because she is an innocent victim of an uninsured motorist. Insolvency is not the equivalent of a disclaimer premised upon some act or omission of the liable party (see Insurance Law, § 608). Therefore, the petitioner's proper remedy is against the New York Property and

Liability Insurance Security Fund (see Insurance Law, §§ 333, 334; *State-Wide Ins. Co. v Curry,* 43 NY2d 298). Mollen, P. J., O'Connor, Rabin and Gulotta, JJ., concur.