ZELBERT CARTY, Respondent, v JIMMY DAVIS et al., Defendants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Intervenor-Appellant.

The plaintiff was injured in an automobile accident on August 6, 1983, and his notice of claim against the intervenor MVAIC was not filed with the MVAIC until November 16, 1984, over 15 months later. Pursuant to Insurance Law § 5208 (a), the plaintiff was obligated to file a notice of claim based on the uninsured status of the motorists involved within 90 days of the accrual of the cause of action. The plaintiff nevertheless argues that he was entitled to file a late notice of claim, since he mistakenly relied on erroneous information from the New York State Department of Motor Vehicles and from a police report concerning the status of the motorists involved (see, Insurance Law § 5208 [b]). However, that exception is unavailing to the plaintiff since his opposing motion papers submitted to the Supreme Court, which in effect constituted a cross motion to compel MVAIC to accept the late notice of claim, was not made within one year of the accrual of the underlying cause of action (see, Insurance Law § 5208 [c]; Matter of Thomas v Jiminez, 52 AD2d 782; Matter of Sampson [MVAIC], 55 AD2d 957; Matter of Thompson v MVAIC, 57 AD2d 713, affd 44 NY2d 765; Matter of Smith v MVAIC, 74 AD2d 639). Nor can the plaintiff prevail on a theory of estoppel (see, Zeigler v MVAIC, 53 AD2d 590). Accordingly, the order dated August 27, 1986, must be reversed and, upon reargument, the motion of the intervenor MVAIC granted. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.