■ SALEEM MUHAMMAD, Appellant, v EUNICE DIAZ, Respondent, et al., Defendants. [603 NYS2d 46] —Order, Supreme Court, New York County (Leland DeGrasse, J.) entered on or about May 28, 1992, which, insofar as appealed from denied plaintiff's motion to compel Motor Vehicle Accident Indemnification Corporation (MVAIC) to pay her claim against uninsured defendant Diaz, or, in the alternative, to appear herein and defend on behalf of Diaz, unanimously affirmed, without costs.

MVAIC cannot be compelled, at this juncture, to pay plaintiff's claim against defendant Diaz since, by statute, claims founded on the default of an uninsured defendant are not allowed (Insurance Law § 5214). Nor can MVAIC be compelled, at this juncture, to submit an answer on behalf of Diaz, before there has been a determination that Diaz, in fact, was not insured by Allstate at the time of the accident. It being established that Allstate had previously insured Diaz, the burden should be on plaintiff, at least in the absence of Allstate before the court, to come forward with proof of an effective cancellation by Allstate, since, as between plaintiff and MVAIC, it is plaintiff who pleads and relies on such cancellation (see, Viuker v Allstate Ins. Co., 70 AD2d 295). Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.