*1063 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this negligence action for personal injuries, the record indicates that the plaintiffs were passengers in a vehicle driven by defendant Fritzgone and owned by defendant Morris when it was involved in an accident on August 3, 1990. The plaintiffs’ unopposed motion in the court below was to, inter alia, compel Motor Vehicle Accident Indemnification Corporation (MVAIC) to submit an answer on behalf of the defendants because the vehicle was not insured on the date of the accident. Plaintiffs asserted that Travelers Insurance Company had terminated the insurance on April 9, 1990. The court denied that part of the motion.
In our view the order should be affirmed. We initially note that the Civil Court lacks injunctive power, except in certain instances not here relevant, and cannot compel MVAIC to submit an answer on behalf of defendants. (Although not applicable here, CCA 212-a does grant the court jurisdiction to make a declaratory judgment with respect to a controversy involving an insurer’s obligation to defend.) In any event, the plaintiffs have failed to establish a valid termination of Travelers Insurance Company’s policy of insurance issued to defendant Morris. If the automobile liability insurer (Travelers) had successfully established a valid termination of its policy prior to the accident, and if the vehicle was uninsured at the time of the occurrence, MVAIC would then be obligated to appear and defend (Viuker v Allstate Ins. Co., 70 AD2d 295). MVAIC could not be compelled at this juncture to submit an answer on behalf of Morris and Fritzgone, since there has been no determination that Morris, in fact, was not insured by Travelers at the time of the accident. It being established that Travelers had previously insured Morris, the burden should be on plaintiffs, at least in the absence of Travelers before the court, to come forward with proof of an effective cancellation by Travelers, since, as between plaintiffs and MVAIC, it is plaintiffs who plead and rely on such cancellation (Muhammad v Diaz, 198 AD2d 32).
In the case at bar, the plaintiffs merely rely on a letter from a senior claims representative which states that the accident occurred on August 3, 1990 and the policy was cancelled effective April 9, 1990. However, the only proof to support this statement is an illegible photostat of a notice cancelling the in *1064 surance for apparently not paying the premium. The effective date of the cancellation is illegible. This is insufficient to establish an effective cancellation.