Aronin, J.,
dissents and votes to reverse the order insofar as appealed from and to remand the matter to the court below for further proceedings in the following memorandum. The record before this court reflects that plaintiffs, passengers in a motor vehicle driven by defendant Fritzgone and owned by defendant Morris, were injured when said vehicle was involved in an accident on August 3, 1990. Neither defendant has appeared or answered. Moreover, it appears that the Morris vehicle was uninsured at the time, based on certain documents submitted by Travelers Insurance Company to plaintiffs’ counsel, purporting to show its termination of insurance for the vehicle in question on April 9, 1990.
Based on these circumstances, plaintiffs’ counsel moved for an order compelling Motor Vehicle Accident Indemnification Corporation (MVAIC) to submit an answer on behalf of said defendants who drove and operated an uninsured motor vehicle in contravention of law. The court below summarily concluded that plaintiffs were not entitled to such relief based on the papers alone, without conducting a framed issue hearing on the question of insurance coverage or converting the matter into a declaratory judgment proceeding pursuant to CCA 212, 212-a, 2102; and CPLR 103 (c) and 2001. Plainly, the court is empowered to correct "all defects in matters of procedure and award the appropriate relief’ (People ex rel. Gleason v Purdy, 223 NY 88, 91; Matter of City of Little Falls v Board of Assessors, 68 AD2d 734, 741).
MVAIC is obligated to appear and defend in an action where it is established that the motor vehicle in question was uninsured at the time of the accident, or if the automobile liability insurer (here, Travelers) validly and effectively terminated the policy prior to the accident (Viuker v Allstate Ins. Co., 70 AD2d 295; Muhammad v Diaz, 198 AD2d 32, 33). Generally, the appropriate method to resolve disputed issues regarding coverage is a framed issue hearing (CPLR 7503) or through a declaratory judgment action (CPLR 3001; CCA 212-a). However, there is no statutory authority to commence a special proceeding for a framed issue hearing in Civil Court; instead, a party may seek judicial resolution of an issue regarding insurance coverage by commencing a declaratory judgment action in Civil Court (CCA 212-a) or by motion in an action pending in the *1065 Civil Court (CCA 206 [a]). In the record before this court, plaintiffs raised the issue of uninsured vehicle based on Traveler’s purported cancellation via a motion in the pending negligence Civil Court action. By so doing, plaintiffs established proof of no insurance, thus warranting a hearing to permit MVAIC to adduce evidence to the contrary. Simply put, the court below erred by summarily denying plaintiff’s motion without conducting a framed issue hearing, or converting same into a declaratory judgment proceeding (CCA 206 [a]; 212, 212-a, 2102; CPLR 103 [c]; 2001). Matter of Blenman v MVAIC (NYLJ, June 17, 1996 [App Term, 2d & 11th Jud Dists]) involved a special proceeding to order MVAIC to pay a judgment (Insurance Law § 5210). This court set aside the default judgment against the (uninsured) defendants therein insofar as it affected MVAIC and permitted MVAIC to defend and serve an answer (Insurance Law § 5214). In the case at bar, defendants have defaulted in the action and plaintiff would have been entitled to a default judgment had they served said defendants with the motion for a default judgment. In any event, even if plaintiffs had served defendants, obtained a default judgment and thereafter sought to have a final judgment paid by MVAIC, said judgment would have to be set aside as it affects MVAIC and MVAIC would be directed to appear and answer.
The law should not be rigidly applied to create an absurd result. Certainly, judicial economy is best served in the case at bar by a framed issue hearing in the Civil Court negligence action (CCA 206 [a]). Accordingly, I would modify the order of the court below, and remand the matter for further proceedings consistent herewith.
Kassoff, P. J., and Patterson, J., concur; Aronin, J., dissents in a separate memorandum.