■ In the Matter of LAYLEN SWEET, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP. et al., Respondents. [731 NYS2d 391] —In a proceeding pursuant to Insurance Law § 5218 for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation, the petitioner appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated December 8, 2000, which denied the application.

Ordered that the order is affirmed, with costs.

The record fails to establish that the identities of the motor vehicle and the owner and operator involved in this hit-and-run accident were unknown or not ascertainable through reasonable efforts (*see,* Insurance Law § 5218 [a], [b] [5]). As found by the Supreme Court, the identities of an eyewitness and a passenger in the alleged offending vehicle were noted in the police accident report. The petitioner failed to show that he undertook "all reasonable efforts" to obtain the testimony of these witnesses and which may have assisted him in identify-

ing the offending vehicle. Accordingly, the Supreme Court correctly found that there was no basis for permitting an action against MVAIC (*see, Matter of Troches v MVAIC,* 171 AD2d 873; *Villanueva v Muniz,* 136 AD2d 546). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.