■ SEGUNDO NAULA et al., Respondents, v ARTURO LOPEZ DELA PUENTE et al., Defendants. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Nonparty Appellant. [852 NYS2d 183]—

In an action to recover damages for personal injuries, nonparty Motor Vehicle Accident Indemnification Corporation appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 19, 2006, as, upon reargument, adhered to so much of a prior determination in an order dated March 21, 2006 as granted the plaintiffs' motion to compel it to serve an answer on behalf of the defendants.

Ordered that the order dated September 19, 2006 is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the order dated March 21, 2006 as granted that branch of the plaintiffs' motion which was to compel nonparty Motor Vehicle Accident Indemnification Corporation to answer the complaint insofar as asserted by the plaintiff Segundo Naula, and substituting therefor a provision vacating so much of the order dated March 21, 2006 as granted that branch of the motion, and thereupon denying that branch of the plaintiffs' motion; as so modified, the order dated September 19, 2006 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Segundo Naula (hereinafter the plaintiff driver) failed to demonstrate that he was a "qualified person" entitled to benefits from the appellant, the Motor Vehicle Accident Indemnification Corporation (hereinafter the MVAIC) (Insurance Law § 5202 [b]; *see* Insurance Law § 5208 [a] [3] [A]; *see*

*generally Matter of Rice v Allstate Ins. Co.,* 32 NY2d 6, 10 [1973]; *Kilpatrick v Utica Ave. Auto Sales,* 270 AD2d 233 [2000]; *Matter of Kenyon,* 105 AD2d 530, 532 [1984]). At the time of the accident, the plaintiff driver was operating a vehicle (hereinafter the subject vehicle) for which he was listed as the registered owner on the New York State Department of Motor Vehicles registration expansion record. The subject vehicle was insured under a policy of insurance issued by nonparty American Insurance Co., a Florida insurer (hereinafter the American Policy) to Angela Guzman, a friend of the plaintiffs with whom the plaintiff driver resided in Queens. Guzman also owned a residence in Florida.

The subject vehicle was "an uninsured motor vehicle" pursuant to Insurance Law § 5202 (d) because the vehicle did not have the coverage required by Insurance Law § 3420 (f). Further, the American policy provided that "[w]hen we certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the coverage provided by law." Since the policy had not been certified as proof under New York's financial responsibility laws, it was not subject thereto (*cf. Matter of General Acc. Ins. Co. v Loi Tran,* 246 AD2d 543 [1998]). Thus, the plaintiff driver failed to demonstrate that he was not the "owner of an uninsured motor vehicle" (Insurance Law § 5202 [b]; *see Barillas v Rivera,* 32 AD3d 872 [2006]) and that he was not "operating an uninsured motor vehicle" at the time of the accident (Insurance Law § 5211 [a] [2]). Accordingly, upon reargument, the Supreme Court should have denied that branch of the plaintiffs' motion which was to compel the MVAIC to answer the complaint insofar as asserted by the plaintiff driver on behalf of the defendants in the action.

The Supreme Court, however, properly granted that branch of the plaintiffs' motion which was to compel the MVAIC to answer the complaint insofar as asserted by the plaintiff Manuel Naula (hereinafter the plaintiff passenger) (*see generally Viuker v Allstate Ins. Co.,* 70 AD2d 295 [1979]). The plaintiff passenger, who, unlike the plaintiff driver, was neither the owner nor the operator of the subject vehicle, met his burden of demonstrating that he was a qualified person entitled to MVAIC protection (*see* Insurance Law § 5202 [b]; § 5211 [a] [2]). In addition, the plaintiff passenger submitted proof establishing that nonparty Nationwide Insurance Company, the insurer of the defendants' vehicle, had denied coverage for the offending vehicle (*see* Insurance Law § 5208 [a] [3] [A] [ii]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.