■ ILYA GAMER et al., Respondents-Appellants, v ALAN ROSS et al., Appellants-Respondents. [854 NYS2d 160]—

While in-line skating, the infant plaintiff Ilya Gamer allegedly was injured when he tripped and fell over wires and debris located on a public sidewalk adjacent to a construction site. The plaintiffs retained the defendants to commence a negligence action against the owner of the construction site. Subsequently, the defendants also commenced a separate negligence action, on behalf of the plaintiffs, against a contractor which had performed construction work on the site.

The landowner moved for summary judgment dismissing the complaint in the first underlying action, and its motion was granted. Thereafter, the contractor moved to dismiss the complaint in the second underlying action, and that motion was also granted. In granting the contractor's motion to dismiss, the Supreme Court found, in relevant part, that the second underlying action was barred by the doctrine of collateral estoppel, based upon the plaintiffs' failure to raise a triable issue of fact in opposition to the landowner's summary judgment motion in the first underlying action.

The plaintiffs subsequently commenced the instant action against the defendants to recover damages for legal malpractice, alleging that the defendants were negligent in their handling of the two underlying actions on behalf of the plaintiffs, inter alia, by failing to conduct proper discovery that would have enabled

them successfully to oppose the landowner's motion for summary judgment in the first underlying action and the contractor's motion to dismiss in the second underlying action. The defendants moved, inter alia, for summary judgment dismissing the complaint, and separately moved for leave to amend the answer to assert affirmative defenses based on res judicata and collateral estoppel. The Supreme Court denied that branch of the motion which was for summary judgment, and granted the separate motion for leave to amend.

In seeking summary judgment, the defendants asserted that the plaintiffs could not have succeeded in the underlying actions because the wires and construction debris over which the infant plaintiff allegedly tripped were open and obvious conditions that were not inherently dangerous. On the facts presented, however, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on that ground (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]).

The defendants further contend that the plaintiffs could not have succeeded in the underlying actions because they failed to adduce any evidence showing that the landowner of the construction site or its contractor caused or created the alleged dangerous condition. At the outset, we note that this argument fundamentally misconstrued the central theory of the plaintiffs' case, viz., that the defendants were negligent in failing to conduct proper discovery that would have uncovered facts sufficient to prevent the dismissal of the underlying actions. As the moving parties, the defendants bore the initial burden of establishing that the missing discovery would not have prevented the dismissal of the underlying actions. "This burden cannot be satisfied merely by pointing out gaps in the plaintiff[s]' case" (*DeFalco v BJ's Wholesale Club, Inc.*, 38 AD3d 824, 825 [2007]).

Moreover, a landowner may be held liable for injuries sustained by a third party due to the defective condition of a sidewalk adjoining its property where it retains an independent contractor to perform work for its benefit, the contractor creates a special danger upon the sidewalk in the course of its work that is inherent in the work and anticipated by the landowner, and the landowner has notice of the condition (*see Emmons v City of New York*, 283 AD2d 244, 245 [2001]; *cf. Schwartz v Merola Bros. Constr. Corp.*, 290 NY 145, 155 [1943]). Since it is well settled that, under those circumstances, "such owner will be liable for injuries resulting from its nonperformance, even though the work is done by [a] contractor" (2A NY Jur 2d, Agency § 413), we cannot subscribe, on the facts presented, to

the defendants' view that no amount of additional discovery could have prevented the dismissal of the underlying actions against the landowner and contractor.

Equally unavailing is the defendants' claim that the instant action is barred by principles of res judicata and collateral estoppel. Contrary to the defendants' contention, the pretrial dismissal of the underlying actions did not constitute conclusive proof that those actions were without merit; it showed only that the plaintiffs were unable to raise triable issues of fact regarding the potential liability of the landowner and its contractor. The plaintiffs are not precluded by principles of res judicata or collateral estoppel from alleging, in the instant action, that their inability to raise triable issues of fact in the underlying actions was caused by the defendants' failure to conduct proper discovery.

In sum, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint, as the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

The Supreme Court erred, however, in granting the defendants' separate motion for leave to amend the answer to interpose affirmative defenses based on res judicata and collateral estoppel. As previously explained, the plaintiffs in this case are not precluded from alleging that the defendants' negligence in failing to conduct thorough discovery resulted in the dismissal of the underlying actions. Leave to amend should not be granted where, as here, the proposed affirmative defenses are palpably without merit (*see Pellegrino v New York City Tr. Auth.*, 177 AD2d 554, 558 [1991]). Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.