WILLIE KNIGHT, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [878 NYS2d 438]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated February 12, 2008, which denied its motion to dismiss the complaint, in effect, for failure to comply with Insurance Law article 52 and granted the plaintiff's cross motion for leave to commence this action nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

Contrary to the Supreme Court's determination, the plaintiff did not establish that he was a "qualified person" entitled to the protection provided by the defendant, Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC), pursuant to Insurance Law § 5208 (a) governing motor vehicle accidents caused by financially irresponsible motorists (*see generally Naula v Dela Puente,* 48 AD3d 434 [2008]; *Barillas v Rivera,* 32 AD3d 872 [2006]). Insurance Law § 5202 (b) (i) excepts "an insured" from the definition of a "qualified person" thereunder. In opposition to MVAIC's motion to dismiss and in support of his cross motion, the plaintiff asserted that the motorcycle he was operating at the time of the accident was owned by nonparty Elston Wilson, who "had coverage for bodily injury [but] did not have coverage for uninsured motorist or no-fault benefits, since [such coverage is] not required under the No-Fault law" for motorcycles.

Contrary to the plaintiff's assertion, motorcycles are not exempt from the requirement that the owner obtain an endorsement for uninsured motorists coverage (*see Matter of Country-Wide Ins. Co. v Wagoner,* 45 NY2d 581, 586-587 [1978]; *Matter of Kenyon,* 105 AD2d 530 [1984]; *see also* Insurance Law § 5202 [a]; *cf. Matter of Progressive Northeastern Ins. Co. v Scalamandre,* 51 AD3d 932, 933 [2008]; *Matter of Nationwide Mut. Ins. Co. v Riccadulli,* 183 AD2d 111 [1992]). Further, if the endorsement is not expressly included in a policy, it will be implied (*see Matter of Kenyon,* 105 AD2d at 532). Moreover, the plaintiff failed to proffer evidence sufficient to establish that he was uninsured, as he did not submit the policy of insurance pertaining to the motorcycle and, thus, failed to support his assertions regarding the scope of coverage under that policy (*see Kilpatrick v Utica Ave. Auto Sales,* 270 AD2d 233 [2000]; *Muhammad v Diaz,* 198 AD2d 32 [1993]; *Bell v Morris,* 169 Misc 2d 1062 [1996]). Accordingly, the Supreme Court should have granted MVAIC's motion to dismiss the complaint, in effect, for failure to comply with Insurance Law article 52.

For the same reason, there was no basis for granting the plaintiff's cross motion pursuant to Insurance Law § 5208 (b) (2) for leave to commence this action nunc pro tunc, as the plaintiff failed, as a threshold matter, to demonstrate that he was uninsured (*see generally Matter of Rice v Allstate Ins. Co.,* 32 NY2d 6, 10 [1973]; Insurance Law § 5202 [b] [i]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.