[916 NYS2d 122]

ENGLINGTON MEDICAL, P.C., as Assignee of Victoria Cruz, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Second Department, January 11, 2011

224

## APPEARANCES OF COUNSEL

*Morris, Duffy, Alonso & Faley*, New York City (*Anna J. Ervolina* and *Andrea M. Alonso* of counsel), for appellant.

*Gary Tsirelman, P.C.*, Brooklyn (*Max Valerio* and *Darya Klein* of counsel), for respondent.

## OPINION OF THE COURT

LEVENTHAL, J.

In this action to recover no-fault medical payments, we consider the nature of proof that the defendant, Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC), must tender, on a motion for summary judgment, to support its contention that a person injured in a hit-and-run accident was not a "qualified person" under Insurance Law § 5202 (b) because, at the time of the accident, that person owned, and allegedly was operating, an uninsured motorcycle.

### Facts

On July 10, 2004, in Brooklyn, then-16-year-old Victoria Cruz was riding her "mini-bike." At the intersection of Liberty Avenue and Schenck Avenue, Cruz was struck and injured by an unidentified vehicle whose driver disregarded a red light. The unidentified vehicle then fled the scene of the accident. Cruz did not have insurance on her mini-bike to cover her resulting medical care. Following the accident, the plaintiff, Englington Medical, P.C. (hereinafter Englington), provided Cruz with medical services. Cruz, by her guardian, assigned Englington her rights to recover, from any responsible insurer or entity, first-party no-fault benefits reflecting the cost of those medical services.

On August 12, 2004, Cruz, by her guardian, submitted a notice of intention to make a claim against MVAIC. In January 2006, after MVAIC failed to provide requested reimbursements to Englington, as assignee of Cruz's no-fault benefits, Englington commenced this action against MVAIC in the Civil Court, Kings County, to recover the cost of the medical services it rendered to Cruz, plus interest and an attorney's fee.

In its answer, MVAIC asserted various affirmative defenses, including an allegation that Cruz was not a "qualified person" within the meaning of article 52 of the Insurance Law.

In January 2006, MVAIC moved pursuant to CPLR 3211 (a) to dismiss the complaint and, alternatively, pursuant to CPLR 3212 for summary judgment dismissing the complaint. MVAIC argued that (1) the vehicle operated by Cruz was uninsured and owned by her and, thus, she was not a qualified person entitled to recover first-party no-fault benefits or, in the alternative, (2) Cruz was driving a "motorcycle" at the time of the accident, and motorcycle riders are not entitled to recover no-fault benefits. MVAIC further contended that, as such, Englington, as Cruz's assignee, stood in her shoes and, therefore, was similarly not entitled to recover those benefits. MVAIC also argued that it was not required to issue a timely denial of coverage because no coverage existed.

In support of its motion, MVAIC submitted, inter alia, Cruz's notarized notice of intention to file a claim, a copy of the police accident report, and an affidavit from a MVAIC qualifications examiner.

In opposition to the motion, Englington contended that MVAIC did not meet its prima facie burden on its motion for summary judgment since it had not offered proof that Cruz was operating a motorcycle at the time of the accident. Englington argued that, even if Cruz's mini-bike were in fact a motorcycle, it was nonetheless entitled to recover Cruz's no-fault benefits because a mini-bike is not the type of motorcycle that requires insurance. Englington further argued that MVAIC failed to pay or deny its claim within 30 days of receipt.

In an order entered September 11, 2007, the Civil Court denied MVAIC's motion on the ground that MVAIC failed to timely disclaim coverage within 30 days of receiving the claim for no-fault benefits. MVAIC appealed that order to the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Appellate Term). In an order dated October 31, 2008, the Appellate Term affirmed the order of the Civil Court, but on different grounds (21 Misc 3d 133[A], 2008 NY Slip Op 52179[U] [2008]). In a separate order in a related action entitled *Greater Health Through Chiropractic, P.C. v MVAIC*, also dated October 31, 2008, and incorporated in the order appealed from, the Appellate Term stated:

> "Although plaintiff's assignor would be ineligible to receive first-party no-fault benefits if her injuries were sustained as a result of her use or operation of

a motorcycle, MVAIC failed to submit sufficient evidence establishing that the vehicle she was using or operating at the time of the accident was a motorcycle. As a result, MVAIC's motion for summary judgment was properly denied, albeit on other grounds" (*Greater Health Through Chiropractic, P.C. v MVAIC*, 21 Misc 3d 133[A], 2008 NY Slip Op 52178[U], *1-2 [App Term, 2d, 11th & 13th Jud Dists 2008] [citations omitted]).

In a decision and order on motion dated March 18, 2009, this Court granted MVAIC leave to appeal from the order of the Appellate Term that was entered in the instant action. For the reasons set forth below, we affirm.

On appeal, MVAIC maintains that it was entitled to summary judgment because it established, prima facie, that Cruz was not a "qualified person" entitled to recover no-fault benefits, as the vehicle which she was operating was owned by her and was not insured. Further, MVAIC argues that Englington is not entitled to recover no-fault benefits because Cruz was operating a "motorcycle" at the time of the accident. Finally, MVAIC contends that the ground upon which the Civil Court denied its motion—its alleged failure to timely disclaim—was improper because MVAIC does not have a duty to timely disclaim where there is a lack of coverage in the first instance.

## MVAIC

The New York State Legislature created MVAIC to "provide no-fault benefits for qualified persons for basic economic loss arising out of the use and operation in this state of an uninsured motor vehicle" (Insurance Law § 5201). The Legislature's purpose in establishing MVAIC was to afford injured parties the same protection that they would have had the tortfeasor involved in a motor vehicle accident been covered by insurance (*see Morisi v Motor Veh. Acc. Indem. Corp.*, 19 AD2d 727 [1963]). This Court has held that the statutory provisions creating and regulating MVAIC should be liberally construed to serve those ends (*see Matter of Dixon v Motor Veh. Acc. Indem. Corp.*, 56 AD2d 650, 651 [1977] [referring to Insurance Law former § 608]).

The statute requiring MVAIC to pay first-party no-fault benefits reads, in pertinent part, that MVAIC "shall . . . provide for the payment of first party benefits to a qualified person for basic economic loss arising out of the use or operation in this

state of an uninsured motor vehicle" (Insurance Law § 5221 [b] [1]). In this regard, MVAIC provides insurance coverage to in-state victims of hit-and-run accidents where the culpable driver is never identified (*see* Insurance Law § 5201 [b] [2]). However, Insurance Law § 5221 (b) (2) stipulates that only "qualified person[s]" are entitled to MVAIC no-fault coverage (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 221 [1996]).

As relevant to the instant case, the term " 'qualified person' " means "a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his [or her] spouse when a passenger in such vehicle, or his [or her] legal representative" (Insurance Law § 5202 [b] [i]). Thus, a person is not a qualified person if he or she is (1) an insured person, since that person would have an insurer upon which he or she could make a claim for first-party no-fault benefits, or (2) an owner of an uninsured motor vehicle, since Insurance Law article 52 is not intended to provide relief to those who fail to obtain insurance. The term "uninsured motor vehicle" is defined by reference to the term " 'insured motor vehicle,' " which means "a motor vehicle as to which there is maintained proof of financial security as defined in [Vehicle and Traffic Law § 311]" (Insurance Law § 5202 [c]). An " 'uninsured motor vehicle' " (Insurance Law § 5202 [d]) is a motor vehicle which is not an "insured motor vehicle" (*id.*).

Generally, motorcycle riders, whether operators or passengers, are not entitled to first-party no-fault insurance benefits from MVAIC (*see* Insurance Law § 5103 [a] [1], [2]; *see also Quinones v Motor Veh. Acc. Indem. Corp.*, 6 Misc 3d 1007[A], 2004 NY Slip Op 51729[U] [2004]; 2-27 New Appleman New York Insurance Law § 27.04 [3] [2d ed] ["Occupants of a motorcycle are excluded from coverage and are never entitled to no-fault benefits"]). A motorcycle is defined in the Insurance Law as "any motorcycle, as defined in [Vehicle and Traffic Law § 123], *and which is required to carry financial security* pursuant to article six, eight or forty-eight-A of the vehicle and traffic law" (Insurance Law § 5102 [m] [emphasis added]). The Vehicle and Traffic Law defines a motorcycle as a "motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor" (Vehicle and Traffic Law § 123). Pursuant to the Vehicle and Traffic Law, class C motorcycles, which have a maximum speed of 20 miles per hour, are *not required to carry*

*insurance* (*see* Vehicle and Traffic Law §§ 121-b, 2265 [3]). Construing these provisions together, the operator of, or passenger on a class C motorcycle is entitled to no-fault benefits in the absence of any other statutory preclusion of benefits (*see Tyler v Traveler's Ins. Co.*, 110 Misc 2d 471, 473 [1981] [operators of and passengers on "class C mopeds, minibikes and go-carts are entitled to first-party benefits under no-fault"]; 2-27 New Appleman New York Insurance Law § 27.04 [3] ["Occupants of . . . limited-use class C motorcycles will not be excluded from coverage"]). Thus, not all motorcycles are required to carry insurance.

## MVAIC's Motion for Summary Judgment

On its motion for summary judgment, MVAIC had the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 561 [1980]). To meet its burden, MVAIC was required to establish, prima facie, that Cruz was not a "qualified person" entitled to no-fault benefits either because she owned an uninsured vehicle despite being statutorily required to carry insurance, or because, at the time of the accident, she was operating a "motorcycle" within the meaning of Insurance Law § 5102 (m). Here, MVAIC failed to meet its burden.

The only admissible evidence proffered by MVAIC as to the type of vehicle that Cruz was operating when the accident occurred was a form completed on her behalf, setting forth her notice of an intention to make a claim for no-fault benefits (hereinafter the claim form). The claim form was signed by Priscilla Garcia—Cruz's mother and guardian—and indicated that Cruz was the owner and operator of a vehicle designated as vehicle#1, which was described as a "2004 Mini-Bike" for which no insurance existed. Critically, the make and model of the vehicle designated as vehicle #2 is listed as "unknown." Clearly, the term "Mini-Bike" refers to some type of motorized, two or three-wheeled vehicle (*see* Oxford English Dictionary Online, http://www.oed.com, mini-bike [accessed July 27, 2010] [defining "minibike" as "(a) small motorcycle with a low-power engine, designed for off-road use and sometimes having three wheels"]; Merriam-Webster Online Dictionary, http://www.Merriam-Webster.com, minibike [accessed July 27, 2010] [defining "minibike" as "a small one-passenger motorcycle with a low frame and raised handlebars"]). Nevertheless, the use of

the word "Mini-Bike" in the claim form, standing alone, is insufficient to establish whether Cruz's vehicle was or was not a class C motorcycle with a maximum speed of 20 miles per hour, because the critical factor in determining a motorcycle's class is its maximum speed (see Vehicle and Traffic Law § 121-b). Thus, MVAIC failed to establish that the vehicle that Cruz was operating was either an uninsured motor vehicle for which she was required to carry insurance, or a motorcycle of a class which required her to carry insurance.

■ Since MVAIC failed to meet its prima facie burden on its motion for summary judgment, the burden never shifted to Englington to submit, in proper admissible form, evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), despite MVAIC's contention that Englington had the burden of proving that Cruz's vehicle was not required to carry insurance, and failed to meet that alleged burden. In its brief, MVAIC asserts that "[i]t is well settled in this Department that the party seeking benefits from MVAIC bears the burden of establishing that the injured party is a 'qualified person' who complied with all applicable requirements of Article 52." However, in light of the procedural posture of this case, MVAIC misconstrues the burden applicable to the parties, which is a fundamental aspect of a motion for summary judgment. As the movant, MVAIC must first come forward with admissible evidence demonstrating, prima facie, the absence of material issues of fact and that, on those facts, it is or would be entitled to judgment as a matter of law. MVAIC's burden on a motion for summary judgment cannot be satisfied merely by pointing out gaps in the plaintiff's case (see e.g. Shafi v Motta, 73 AD3d 729, 730 [2010]; Gamer v Ross, 49 AD3d 598, 600 [2008]; Totten v Cumberland Farms, Inc., 57 AD3d 653, 654 [2008]; DeFalco v BJ's Wholesale Club, Inc., 38 AD3d 824, 825 [2007]).

■ MVAIC further contends that the police report submitted in support of its motion established that Cruz was driving a vehicle which required insurance because the report indicated that three summonses were issued to Cruz, inter alia, for driving without insurance. We reject this contention. The mere issuance of a Vehicle and Traffic Law summons proves only that the recipient of the summons has been accused of the violations alleged therein, not that he or she has committed the alleged violations. In Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co. (44 AD3d 750 [2007]), a claimant for no-fault benefits who

was the driver in a one-car accident commenced an action to recover those benefits against his no-fault insurer after it disclaimed coverage. The claimant moved for summary judgment on the complaint, and the insurer cross-moved for summary judgment dismissing the complaint. We held that the insurer's submission of a police accident report stating that the claimant was intoxicated while operating the insured vehicle, and indicating that the claimant was issued a summons for driving while intoxicated, was admissible under the business records exception to the hearsay rule, since the report was based on the reporting officer's personal observations and he was required by law to generate the report. We further concluded that the Supreme Court properly denied the claimant's motion for summary judgment on the complaint, since the insurer's submission of the report was sufficient to raise a triable issue of fact as to whether the claimant forfeited his no-fault benefits by virtue of his driving while allegedly intoxicated. We nonetheless held that the insurer was improperly awarded summary judgment dismissing the complaint, and concluded that the report was insufficient to establish the insurer's entitlement to judgment as a matter of law with respect to the issue of the claimant's intoxication, since the issuance of a summons for driving while intoxicated is merely an accusation. Further proof of intoxication was required, and the insurer failed to lay a foundation for the admissibility of the additional proof it sought to adduce.

The police accident report submitted by MVAIC in the case at bar described the subject accident as a hit-and-run, and indicated that the police officer at the scene issued three traffic summonses to Cruz for violations of Vehicle and Traffic Law § 509 (1) (driving a motor vehicle without a license); § 401 (1) (a) (driving an unregistered vehicle); and § 319 (1) (driving without insurance). These are simply allegations, not proof that Cruz actually violated those provisions of the Vehicle and Traffic Law, or that her vehicle was required to be registered or insured. Accordingly, the evidence that these summonses were issued was insufficient to establish, as a matter of law, that the vehicle operated by Cruz was required to be insured pursuant to the Insurance Law. Rather, we are left to speculate as to the outcome of the traffic proceedings arising from the issuance of the summonses, and whether Cruz validly defended the accusation of driving without insurance on the ground that the vehicle was a class C motorcycle which did not require insurance.

Furthermore, the cases cited by MVAIC on appeal are distinguishable from the facts of this case. For example, *Matter of Sweet v Motor Veh. Acc. Indem. Corp.* (287 AD2d 510 [2001]) and *Matter of Troches v Motor Veh. Acc. Indem. Corp.* (171 AD2d 873 [1991]) both involved proceedings where injured persons sought leave, pursuant to Insurance Law § 5218, to commence actions against MVAIC to recover for noneconomic loss arising from personal injuries they sustained in hit-and-run accidents. A party seeking to commence an action against MVAIC for noneconomic loss arising from a hit-and-run accident must first seek leave of court, by coming forward with evidence establishing, inter alia, that he or she undertook "all reasonable efforts" to identify the offending vehicle (Insurance Law § 5218 [b] [5]). Thus, in those cases, the plaintiffs had the initial burden of establishing that they should be permitted to commence actions against MVAIC. Here, in contrast, neither Cruz nor Englington, as her assignee, were required to obtain leave of court to commence this action to recover first-party no-fault benefits (*compare* Insurance Law § 5218 [requiring leave of court to assert a "cause of action" to recover damages "for death or personal injury"], *with* Insurance Law § 5221 [imposing an obligation upon MVAIC to provide first-party benefits to a "qualified person," who is limited to the same rights possessed by a "covered person" under Insurance Law article 51, which precludes the assertion of a cause of action to recover first-party benefits from a tortfeasor in an action to recover damages for death or personal injury]). Moreover, Englington, as the opponent of MVAIC's motion for summary judgment, did not have a burden, in the first instance, of establishing that Cruz was a "qualified person" or that it was entitled to no-fault benefits as Cruz's assignee.

MVAIC's reliance upon *Knight v Motor Veh. Acc. Indem. Corp.* (62 AD3d 665 [2009]) is also misplaced. In *Knight*, the plaintiff commenced an action against MVAIC to recover damages for personal injuries following a motor vehicle accident with a vehicle of a nonparty. At the time of the accident, the plaintiff was operating a motorcycle, which MVAIC contended was insured. The Supreme Court denied MVAIC's motion to dismiss the complaint, in effect, for the plaintiff's failure to comply with Insurance Law article 52, and granted the plaintiff's cross motion for leave to commence the action nunc pro tunc. This Court reversed, holding, inter alia, that the plaintiff did not establish that he was a qualified person pursuant to Insurance Law article

52 because, contrary to his contention, motorcycles were not exempt from the requirement that an owner obtain an endorsement for uninsured motorist's coverage (*id.* at 666). Whereas in *Knight* the plaintiff operated a motorcycle at the time of accident and failed to demonstrate that he was both uninsured and required to secure insurance, the evidence here demonstrated that Cruz was uninsured at the time of the accident, while MVAIC did not demonstrate that her vehicle required insurance, and the type of vehicle that Cruz was operating has not been established by any party.

In addition, MVAIC argues that the Civil Court's order deprived it of the defense of lack of coverage, and impermissibly created coverage where coverage did not exist. However, the order of the Appellate Term, which is the order under review here, merely denied MVAIC's motion for summary judgment and did not "create" coverage. Moreover, in light of our determination, this Court need not address this contention because there can be no coverage unless and until it is determined at trial that Cruz is a qualified person. Accordingly, the order dated October 31, 2008, is affirmed.

COVELLO, J.P., ANGIOLILLO and SGROI, JJ., concur.

Ordered that the order dated October 31, 2008, is affirmed, with costs.