■ RODNEY MILLER, Appellant, v DELORES MACK et al., Defendants. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Nonparty Respondent. [934 NYS2d 841]—

Contrary to the plaintiff's contentions, the Supreme Court properly granted the cross motion of the nonparty Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) to vacate the order dated November 16, 2005, entered upon its default. MVAIC succeeded in establishing a reasonable excuse for its default in opposing the underlying motion to compel it to provide a defense and indemnification to the defendants, and it further demonstrated a potentially meritorious opposition to the motion based on the plaintiff's alleged failure to comply with the substantive and timeliness requirements of Insurance Law § 5208 (*see generally Knight v Motor Veh. Acc. Indem. Corp.*, 62 AD3d 665, 666 [2009]; *Naula v Dela Puente*, 48 AD3d 434, 434-435 [2008]; *Barillas v Rivera*, 32 AD3d 872 [2006]; *Matter of Wilcox v Motor Veh. Acc. Indem. Corp.*, 187 AD2d 909, 910-911 [1992]; *Carty v Davis*, 140 AD2d 661 [1988]; *Sain v Forrest*, 130 AD2d 733 [1987]; *Matter of Bailey v Motor Veh. Acc. Indem. Corp.*, 67 AD2d 707 [1979]; *Matter of Ramos v Motor Veh. Acc. Indem. Corp.*, 54 AD2d 734 [1976]).

Furthermore, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying those branches of the plaintiff's motion which were to restore the action to active status and to compel MVAIC to

interpose an answer on behalf of the defendants Delores Mack and Isaiah Smalls. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.