Forest Park Acupuncture, P.C., as Assignee of Sherrian Rogers, Respondent,
against
NYCT MABSTOA, Appellant.




Foley, Smit, O'Boyle & Weisman (Aaron E. Meyer, Esq.), for appellant.
Zara Javakov, P.C. (Zara Javakov, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered February 20, 2015. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint and, upon, in effect, denying plaintiff's motion for summary judgment, made, in effect, a CPLR 3212 (g) finding that plaintiff "had established the proper submission of bills to defendant (with a reasonable justification for the late submission)."




ORDERED that the order, insofar as appealed from, is modified by providing that the CPLR 3212 (g) finding in plaintiff's favor is vacated; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court denied defendant's cross motion and stated that plaintiff's motion was "granted to the extent that plaintiff has established the proper submission of bills to defendant (with a reasonable justification for the late submission)," and that defendant had raised a triable issue of fact with respect to the nonpayment of the claims. Defendant appeals, arguing that so much of the order as "granted" plaintiff's motion "to the extent that plaintiff has established the proper submission of bills to defendant (with a reasonable justification for the late submission)" should be vacated and that defendant's cross motion should be granted.
While the Civil Court purported to "grant" plaintiff's motion for summary judgment "to the extent that plaintiff has established the proper submission of bills to defendant (with a reasonable justification for the late submission)," this was not an award of partial summary judgment as contemplated by CPLR 3212 (e). Rather, the Civil Court, in effect, made a finding for all purposes in the action, which CPLR 3212 (g) permits it to do upon the denial of a motion for summary judgment. Defendant correctly argues that plaintiff has not demonstrated that it should be found to be established for all purposes in the action that the bills at issue were timely and properly submitted to defendant. Consequently, the Civil Court's CPLR 3212 (g) finding that "plaintiff has established the proper submission of bills to defendant (with a reasonable justification for the late submission)" is vacated. However, defendant's cross motion is based upon the proposition that plaintiff did not submit the claim forms in question to defendant, and that proposition is not established, as a matter of law, by the record before us either (see Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 230 [2011]). Thus, contrary to defendant's contention, defendant is not entitled to summary judgment dismissing the complaint. 
Accordingly, the order, insofar as appealed from, is modified by providing that the CPLR 3212 (g) finding in plaintiff's favor is vacated.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 29, 2017