Longevity Medical Supply, Inc., as Assignee of Aaron Slade, Appellant, 
against
MVAIC, Respondent. 




Law Offices of Melissa Betancourt (Melissa Betancourt of counsel), for appellant.
Marshall & Marshall, PLLC (Jaime E. Gangemi and Tracy Bader Pollak of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered March 23, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted a motion by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) for summary judgment dismissing the complaint.
Plaintiff's assignor failed to demonstrate that he was a "qualified" person entitled to benefits from MVAIC, as the record indicates that plaintiff's assignor was the named insured (see Insurance Law §§ 5202 [b]; 5208 [a] [1]; Barillas v Rivera, 32 AD3d 872 [2006]; see also Naula v Dela Puente, 48 AD3d 434 [2008]). Moreover, since MVAIC established that there had been no timely filing of a notice to make claim (see Insurance Law § 5208 [a]), plaintiff's assignor is not a "covered person" (Insurance Law § 5221 [b] [2]). Thus, a condition precedent to plaintiff's right to apply for payment of no-fault benefits from defendant has not been satisfied (see M.N.M. Med. Health Care, P.C. v MVAIC, 22 Misc 3d 128[A], 2009 NY Slip Op 50041[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Bell Air Med. Supply, LLC v MVAIC, 16 Misc 3d [*2]135[A], 2007 NY Slip Op 51607[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). In opposition to MVAIC's motion, plaintiff failed to establish that leave had been obtained to file a late notice of claim or otherwise raise a triable issue of fact (see Insurance Law § 5208 [c]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019