McKesson Medical-Surgical Minn. Supply, Inc. v Advantage Care, Inc. (2022 NY Slip Op 06238)

McKesson Medical-Surgical Minn. Supply, Inc. v Advantage Care, Inc.

2022 NY Slip Op 06238

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-12544
 (Index No. 151581/18)

[*1]McKesson Medical-Surgical Minnesota Supply, Inc., respondent,
v Advantage Care, Inc., appellant.

Joseph Nierman, Flushing, NY, for appellant.
Eric Streich, P.C., White Plains, NY (Adam M. Peska of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated October 8, 2019. The judgment, upon an order of the same court dated August 2, 2019, inter alia, denying those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a) to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer, and upon an order of the same court dated October 2, 2019, among other things, granting the plaintiff's motion for leave to enter a default judgment, is in favor of the plaintiff and against the defendant in the principal sum of $1,005,614.87.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a) to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer are granted, the plaintiff's motion for leave to enter a default judgment is denied, and the orders dated August 2, 2019, and October 2, 2019, are modified accordingly.
In June 2018, the plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. In May 2019, the defendant moved, among other things, in effect, pursuant to CPLR 5015(a) to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer. In an order dated August 2, 2019, the Supreme Court, inter alia, denied those branches of the motion. Thereafter, the plaintiff moved for leave to enter default judgment. In an order dated October 2, 2019, the court, among other things, granted the plaintiff's motion. A judgment dated October 8, 2019, was issued in favor of the plaintiff and against the defendant in the principal sum of $1,005,614.87. The defendant appeals. We reverse.
A defendant seeking to vacate a default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see LaSalle Bank N.A. v Calle, 153 AD3d 801, 802; Miller v Mack, 90 AD3d 1003). Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion (see Garcia v City of New York, 189 AD3d 788, 789; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774). Here, the defendant presented both a reasonable excuse for its default in answering the complaint and a potentially meritorious defense. Accordingly, the [*2]Supreme Court should have granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a) to vacate its default in answering the complaint and to compel the plaintiff to accept its late answer.
The plaintiff's remaining contention is without merit.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court